### 71313. TEASLEY v. THE STATE.
(340 SE2d 32)

CARLEY, Judge.

Appellant was convicted of burglary pursuant to an indictment alleging that he had entered the dwelling house of the victim "without authority and with intent to commit a theft therein." He appeals.

1. Appellant first enumerates as error the trial court's refusal to give the jury a requested charge. The refused request was to the effect that there must be evidence of an intent to commit theft separate and distinct from the unauthorized entry. Although the trial court did not employ the exact language of appellant's request, the same principles were covered in the charge as given. The jury was instructed on the definition of burglary, including the requirement that entry be made "with the intent to commit a felony or theft therein. . . ." The jury was also instructed that intent was an essential element of the crime which the State was required to prove beyond a reasonable doubt, and that it must find the crime to have been committed in the manner alleged in the indictment. The requested charge having been

given in substance, "it was not error to fail to charge in the exact language requested." *Kelly v. State*, 241 Ga. 190, 192 (4) (243 SE2d 857) (1978).

2. Appellant contends that the trial court erred in excluding certain defense testimony and in implying to the jury that such testimony was introduced for the purpose of prejudice. The record shows that the State's objection to testimony concerning appellant's financial woes, marital difficulties, and sick child was sustained with an instruction to the jury that emotionalism and sympathy had no place in such a trial. This instruction was repeated in the final charge.

"Anything not legitimately arising out of the trial of the case, which tends to destroy the impartiality of the juror, should be discountenanced. Whether beneficial to the State or to the accused, such things, upon the ground of irrelevancy, should be suppressed and not given the opportunity of influencing the minds or exciting the passions of the jurors. Verdicts should be the result of calm deliberation, founded upon the law and evidence. The accomplishment of that object can never be assured where irrelevant things which tend to destroy the impartiality of the jurors are allowed to creep into the trial." *Styles v. State*, 129 Ga. 425, 429 (59 SE 249) (1907). Appellant's personal difficulties were irrelevant to the issues being tried, and only tended to inject into the trial an improper element of emotionalism. Thus, it was not error to exclude the evidence and instruct the jury as the trial court did. OCGA § 24-2-1; *Horne v. State*, 125 Ga. App. 40 (186 SE2d 542) (1971).

3. Appellant enumerates as error the failure of the trial court to grant his motion for mistrial following testimony by a deputy sheriff that appellant admitted committing "the burglary." Appellant had moved for a mistrial on the ground that the deputy's characterization of his statement was false and highly prejudicial. The trial court, in overruling the motion, informed appellant that he would be able to explore that area on cross-examination.

The volunteering of non-responsive prejudicial evidence by a law enforcement officer may be grounds for mistrial. *Boyd v. State*, 146 Ga. App. 359 (246 SE2d 396) (1978). The instant case, however, is not one in which the officer's testimony was so flagrantly prejudicial as to violate appellant's right to a fair trial. At most, the deputy's remark was an erroneous legal conclusion, mischaracterizing the extent to which appellant's statement was inculpatory. After the motion for mistrial was denied, the deputy went on to testify that what appellant had told him was that he had entered the victim's house through a window, taken three guns, left through another window, and later pawned the guns. Appellant chose not to take advantage of his opportunity to cross-examine the witness. He did, however, take the stand himself and testified as to his lack of intent to commit a theft. The

question of whether non-responsive and improper statements by a law enforcement officer are so prejudicial as to warrant a mistrial is one which must be resolved by the exercise of discretion by the trial court. *Sabel v. State*, 250 Ga. 640, 644 (5) (300 SE2d 663) (1983). Under the circumstances, it cannot be said that the trial court abused its discretion in the instant case.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 23, 1986.

*John W. Davis, Jr.*, for appellant.

*David L. Lomenick, Jr.*, District Attorney, Roland Enloe, David J. Dunn, Assistant District Attorneys, for appellee.