## 76850, 76877. BOULWARE v. THE STATE (two cases).

(376 SE2d 209)

BENHAM, Judge.

Though tried jointly, Mr. and Mrs. Boulware filed separate appeals from his conviction of trafficking in cocaine and possession of marijuana, and her conviction of possession of marijuana; we have consolidated the appeals in the interest of judicial economy. The charges arose from the search of a car in which appellants were passengers and which had been rented by Mrs. Boulware. The grounds raised on appeal are the sufficiency of the evidence, the denial of appellants' motions to suppress, the admission of statements allegedly made by Mr. Boulware, certain jury charges, and the intendment of the verdict as to Mrs. Boulware.

1. Mrs. Boulware's fifth and Mr. Boulware's first, second, third, and eighth enumerations of error concern the sufficiency of the evidence. Testimony at trial supporting the verdict showed that the car in which appellants were passengers was stopped by a state trooper for speeding; that the trooper asked Blake, the driver, for consent to search the vehicle, and that Blake said he had no objection, but the car was not his and he needed to check with the person who rented it; that when Blake told the occupants of the car that the trooper wanted to search the car, Reid, the passenger in the front seat, pushed the button in the glove compartment which opened the trunk; that the trooper who was standing at the trunk at that time was then able to see marijuana in a bag in the trunk; that Mr. Boulware got out of the car and spoke to the trooper, eventually giving his consent to search, but refusing to sign a written consent; that Mr. Boulware stated, after the marijuana was found but before the cocaine was revealed, that the drugs were his; and that seven pounds of marijuana and approximately 28 grams of cocaine were found in the trunk, and a small amount of marijuana was found in Mrs. Boulware's purse. We find that evidence sufficient to authorize a rational trier of fact to find Mr. Boulware guilty beyond a reasonable doubt of trafficking in cocaine and possession of more than an ounce of marijuana, and Mrs. Boulware guilty beyond a reasonable doubt of possession of more than an ounce of marijuana. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Dukes v. State*, 186 Ga. App. 815 (369 SE2d 259) (1988). The fact that Blake at trial and Mr. Boulware at the scene of their arrest claimed responsibility for the drugs did not relieve Mrs. Boulware of criminal liability. For one thing, the contradiction of each by the other did nothing for the credibility of either, and for another, the fact that Mrs. Boulware rented the car and they were all together on their trip from North Carolina to Miami and back, when viewed together with the obviousness of the marijuana in the trunk of the car, would authorize a finding that Mrs. Boulware,

even if she did not have actual physical control of the marijuana was guilty as a party to the possession of it. See *Barrett v. State*, 183 Ga. App. 729, 735 (360 SE2d 400) (1987).

2. Both appellants enumerate as error the denial of their motion to suppress the contraband found in the trunk of the car. Mr. Boulware argues that he did not give consent for the search and Mrs. Boulware argues that since she was the person who rented the car, it was her permission that was required, not that of Blake or of Mr. Boulware. Pretermitting any question of consent, however, we find that the evidence demanded the conclusion that the arresting officer had probable cause to search the vehicle at the time Reid opened the trunk and revealed to the officer the presence of a bag of marijuana in plain view in the trunk. Testimony at the motion to suppress hearing established that the car was stopped for speeding; that the officer grew suspicious when he noticed that Mr. Boulware, who had appeared to be sitting upright when first sighted, was leaning on his wife's shoulder, feigning sleep, and when Reid could not name any place in Florida they had been; that the officer then asked Blake, the driver, for permission to search, and while he waited for Blake to check with the other occupants for objections to a search, the trunk opened. Since the officer was standing in a place where he had a right to be when the marijuana was revealed to him, the marijuana was subject to seizure and gave him probable cause to search the rest of the car. *Rowe v. State*, 184 Ga. App. 437 (1) (361 SE2d 705) (1987). Under those circumstances, we find no error in the denial of appellants' motions to suppress.

3. Mr. Boulware complains in his sixth enumeration of error of the admission into evidence of a custodial statement he allegedly made at the scene of the search, taking responsibility for the presence of the contraband. The testimony at trial authorized the trial court to conclude that one of the statements appellant made at the scene was spontaneously made without any questions being asked and preceded appellant's arrest, and that the other statement was the result of interrogation after appellant was duly advised of his constitutional rights. A trial court's determinations regarding the admission of a defendant's statements are not to be disturbed unless clearly erroneous (*Hart v. State*, 185 Ga. App. 141 (3) (363 SE2d 599) (1987)), and the findings in this case are not.

4. Mrs. Boulware's two enumerations of error concerning jury charges need not be addressed because her counsel, when asked whether there were objections to the charge, said there were none. *Grant v. State*, 185 Ga. App. 497 (5) (364 SE2d 628) (1988).

5. Count two of the indictment in this case was entitled "POSSESSION OF CONTROLLED SUBSTANCE (MARIJUANA)." That count charged the defendants with possession of more than one ounce

of marijuana. When instructing the jury on the form of verdicts, the trial judge told it that if it found that a defendant had possession of more than one ounce of marijuana, it should find the defendant guilty. The verdict returned by the jury stated that Mrs. Boulware was "guilty of possession of controlled substance (marijuana)." On appeal, she contends that the verdict did not clearly convict her of felony possession of marijuana and that it was, therefore, error to sentence her for a felony. We disagree.

Mrs. Boulware's counsel specifically rejected any jury instruction on lesser offenses. The indictment, in the only count involving marijuana, alleged possession of more than one ounce of marijuana. The jury's verdict found Mrs. Boulware guilty in the language of the indictment. Given those circumstances and applying the principle that "[a] general verdict of guilty is by intendment of the law a verdict that the defendant is guilty of the highest offense charged in the indictment . . ." (*Bissell v. State*, 153 Ga. App. 564, 566 (2) (266 SE2d 238) (1980)), we are of the opinion that the jury found appellant guilty of felony possession of marijuana. We note that here, as in *Bissell*, the jury was polled, but Mrs. Boulware's counsel made no objection or exception to the form of the verdict after the publication thereof and before the dispersal of the jury. There was no error in sentencing Mrs. Boulware for a felony.

*Judgments affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 9, 1988 —
REHEARING DENIED NOVEMBER 28, 1988.

*Michael K. Gardner*, for appellant (case no. 76850).
*Stephen M. McCusker*, for appellant (case no. 76877).
*Spencer Lawton, Jr., District Attorney, John E. Morse, Assistant District Attorney*, for appellee.