## 46651. ALLEN v. THE STATE.
(379 SE2d 513)

WELTNER, Justice.

Mendel Allen shot and killed Gregory Crawford with a handgun. He was found guilty by a jury of felony murder and was sentenced to life imprisonment.[1]

1. Allen contends that it was error to permit the testimony of a firearms expert concerning findings that were not included in his official report. The expert testified that the projectile removed from the victim's body was fired by the handgun that was found in Allen's possession upon his arrest, and that the handgun had a tendency to misfire. He related that on some occasions the cylinder would not rotate completely and, rather than firing, the handgun would make a clicking noise. Allen contends that he was prejudiced by the admission of this evidence because the written report from the Division of Forensic Sciences made no mention of such a malfunction.

(a) OCGA § 17-7-211 requires that the prosecution furnish to defendants each written scientific report in the possession of the prose-

---

[1] The murder was committed on May 26, 1987, and Allen was indicted during the July Term 1987, of the Fulton County Grand Jury. He was found guilty of felony murder on March 16, 1988. Allen's motion for new trial was filed on April 6, 1988 and was overruled on July 12, 1988. His notice of appeal was filed on August 2, 1988. Allen's appeal was docketed in this court on February 2, 1989, and was submitted without argument on March 17, 1989.

cution that it intends to introduce; and that if the prosecution fails to provide such a scientific report, it shall be excluded from evidence.

(b) In *Durden v. State*, 187 Ga. App. 154 (369 SE2d 764) (1988), a witness from the Division of Forensic Sciences was permitted to testify about test results not included in the written report furnished the defendant. Because these test results were found to be relevant and material to issues in the case, their admission into the evidence was found to be harmful, and reversible error.

(c) In this case, however, testimony concerning the malfunction of the handgun was irrelevant. Further, it was not inconsistent with Allen's claim of justification. Accordingly, its admission into the evidence, though improper, was harmless error. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

2. On cross-examination of the arresting officer, the following question was asked: "And he was calmly telling you exactly what had happened, is that right, in his own words?" To which the officer replied: "As calmly as could be expected after you just murdered somebody, yes sir." Allen made a motion for mistrial, which was overruled. The court then admonished the officer and gave these curative instructions:

> Mr. Officer, you should not have made that comment. With your years of experience, I'm sure that you know better. Ladies and gentlemen, you shall disregard the comment made by the officer respecting one charged with murder. Eliminate it from your mind entirely. Do you understand, Mr. Officer?

In *Crawford v. State*, 256 Ga. 585, 587 (351 SE2d 199) (1987), we held:

> The trial court's ruling will not be disturbed on appeal absent an abuse of discretion, which does not exist if the curative instructions given can serve to prevent the alleged harmful testimony from having any prejudicial impact and/or the jury indicates that it can follow the instructions and will not consider any improper prejudicial statements or testimony.

The trial court's ruling was not error.

3. The trial court refused to give Allen's requested charge on justification. "The charge on self-defense, viewed in the context of the charge as a whole, contained nearly the precise language of the statute [cit.], covered the same principles of law as the requested charge, and is not subject to the objections raised." *Wiggins v. State*, 252 Ga. 467, 468 (314 SE2d 212) (1984). There was no error.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 25, 1989 —
RECONSIDERATION DENIED JUNE 23, 1989.

*Bruce S. Harvey, David L. Weir,* for appellant.
*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney, Michael J. Bowers, Attorney General, Richard C. Litwin,* for appellee.