## A91A0025. DUMAS v. THE STATE.
(405 SE2d 571)

BEASLEY, Judge.

1. Timothy Lamar Dumas' first enumeration attacks the sufficiency of the evidence in connection with his conviction of trafficking in cocaine, OCGA § 16-13-31.

The evidence showed that through a paid confidential informant the DeKalb County police made arrangements to purchase cocaine from an individual known only as Tim. Tim did not appear at the first scheduled rendezvous, so another drug buy was scheduled the following day. One of the police officers drove with the informant to the designated location. Several officers were in a separate, surveillance vehicle. One of them was wearing a device allowing the conversation in the other vehicle to be monitored. The informant telephoned Tim and the appellant appeared.

The informant asked if he had it, meaning the cocaine. He responded that he did, and the officer instructed him to get into the backseat of the car, which he did. The terms were two ounces of cocaine for $2,400. The officer asked if it was $1,200 each, and appellant said yes. He then gave the officer a plastic bag containing a white powdery substance and was arrested. The substance was later determined to be 55 grams of 65 percent pure cocaine.

Appellant argues, without elaboration or particularity, that the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) was not met. We hold to the contrary that it was satisfied.

2. The second enumeration contends that the trial court erred in denying defendant's request to charge the jury that "a jury is not impanelled to answer the question: Is the defendant guilty? The question you are to decide is: Has there been any testimony in this courtroom which proves the guilt of the defendant beyond a reasonable doubt?"

As authority in support of this requested charge, *John v. State*, 33 Ga. 257, 268 (1862), and OCGA § 24-4-5 are cited. The Code section contains the same principle as found in the case and states: "Whether dependent upon direct or circumstantial evidence, the true question in criminal cases is not whether it is possible that the conclusion at which the evidence points may be false, but whether there

is sufficient evidence to satisfy the mind and conscience beyond a reasonable doubt."

The trial court charged the jury in the precise language of the Code section, as well as on the presumption of innocence and the State's burden of proving each and every element of the crime charged beyond a reasonable doubt. Refusing to charge the language from the case was not error. *Allen v. State*, 259 Ga. 303 (3) (379 SE2d 513) (1989).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED APRIL 19, 1991.

*John H. Tarpley*, for appellant.

*Robert E. Wilson*, District Attorney, *Barbara B. Conroy, Gregory A. Adams*, Assistant District Attorneys, for appellee.