## S92A0067. CHASTAIN v. THE STATE.
(415 SE2d 629)

CLARKE, Chief Justice

This is an appeal from conviction for felony murder with aggravated assault as the underlying felony.[1] We affirm.

On February 6, 1990, Harmon Cecil Ray, Eula Mae Chastain and Chastain's 77-year-old mother were all drinking beer in the trailer where they lived. Ray protested when Chastain's mother turned the television off. He hit her in the head and knocked her out. According to Chastain, Ray then began to beat her. She testified that she cut him in the arm to make him stop the beating. She left. Ray, whose blood alcohol level was .28, lay down on the sofa and bled to death from the two-and-a-half inch long cut in his arm.

The evidence at trial showed that Ray and Chastain had a history of alcohol abuse and violent altercations. They were divorced, but continued to live together — in spite of Chastain's numerous attempts to keep him away from her. Ray was under a restraining order requiring him to stay away from her on the day he was killed. The state demonstrated that Chastain had cut Ray with a knife several times. Three months earlier she had sliced a nine-inch gash across his abdomen, exposing his intestines. (He refused to press any charges against her.) In her defense, Chastain introduced abundant testimony showing that Ray beat her frequently. She contended that she would only cut him to stop the beatings. The state contended that Chastain was the more violent of the pair, and that Ray, not Chastain, was the one who was repeatedly injured during their fights.

1. After reviewing the record we conclude that the evidence, when viewed in a light most favorable to the verdict, would authorize a rational trier of fact to find the defendant guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends that the trial court erred in allowing the state to question Chastain and another defense witness about a woman named Robin Chapman, who asserted a battered woman syndrome defense but was convicted of murder. The prosecution questioned Chastain about her relationship with Chapman in an attempt to demonstrate that Chastain decided to fabricate a "battered woman syndrome" defense after talking to Chapman. Review of the record reveals that the trial judge restricted the questioning, allowing only

---

[1] The crime occurred February 6, 1990. Appellant was indicted on May 18, 1990. She was convicted of felony murder on July 17, 1990 and sentenced to life imprisonment the same day. Appellant filed a motion for new trial on July 20, 1990; the motion was denied on September 27, 1991. The notice of appeal was filed on October 2, 1991. The case was docketed in this court October 10, 1991. The case is ripe for decision following oral argument on January 14, 1992.

those seeking information relevant to Chastain's state of mind. Chastain responded that she met Chapman in prison and had religious discussions with her. The judge did not allow questions about Chapman's case or conviction. When a question about Chapman's murder conviction was asked, the trial judge struck the question and directed the jury that the line of questioning was irrelevant and should be "totally disregard[ed]." We find no error.

3. Appellant next asserts that the trial court erred in denying a motion for mistrial when the prosecution asked a state's witness on re-direct examination, "Have you ever had sex with Eula Mae Chastain?" We find no error in the trial court's decision to deny the motion for mistrial. First, the witness answered the question in the negative. Even so, the trial court struck the question and gave curative instructions. Moreover, the question could not have shocked the jury given all of the sordid details of this case that were introduced into evidence by both defense and prosecution. On this record, we conclude that the trial court properly exercised its discretion in denying the motion for mistrial.

4. Finally, appellant contends that the trial court erred in charging the jury on mutual combat because the evidence did not support such a charge. We conclude, however, that the charge was supported by the evidence. The language of the charge was taken from OCGA § 16-3-21 and was not erroneous for the reason asserted.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 23, 1992.

*Summer & Summer, Daniel A. Summer,* for appellant.

*C. Andrew Fuller, District Attorney, Lee Darragh, Assistant District Attorney, Michael J. Bowers, Attorney General, Peggy R. Katz, Staff Attorney,* for appellee.