A92A2042. JACKSON v. THE STATE.
(427 SE2d 566)

CARLEY, Presiding Judge.

Appellant was indicted for possession of cocaine with intent to distribute. Having been tried before a jury and found guilty of simple possession, he appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

1. Pursuant to an OCGA § 17-7-210 motion, the State provided the following summary of appellant's oral custodial statement: "[Appellant] claimed ownership of the drugs seized." At trial, the investigating officer testified to the seizure of cocaine and marijuana from appellant's automobile and to the following: "[Appellant] then said that it's mine, that it was his, and he also stated that the marijuana was his. *He said that he didn't have it to sell. He stated that he was a drug user, not a seller.*" (Emphasis supplied.) The trial court's admission of this testimony is enumerated as error.

The unemphasized portion of the officer's testimony comports with the statement attributed to appellant in the disclosure made by the State pursuant to the OCGA § 17-7-210 motion. In the disclosed statement, appellant was said to have "claimed ownership of the drugs seized." In the officer's testimony, appellant was said to have stated that the seized cocaine and marijuana were his. Thus, insofar as appellant's ownership of the contraband is concerned, the State's disclosure "was sufficiently complete to satisfy the requirements of

OCGA § 17-7-210. [Cit.]" *Todd v. State,* 261 Ga. 766, 771 (6) (410 SE2d 725) (1991).

The emphasized portion of the officer's testimony did not attribute to appellant a statement which was incriminating or inculpatory. Having already admitted ownership of the contraband, appellant's further statement that he was a user rather than a seller of drugs was in the nature of an exculpatory or mitigating explanation. This is amply demonstrated by the fact that, although appellant had been indicted for possession *with intent to distribute,* he was found guilty merely of *simple possession.* "Statements that are not incriminating or inculpatory do not fall within the ambit of OCGA § 17-7-210, and therefore need not be furnished to a defendant. [Cits.]" *Williamson v. State,* 188 Ga. App. 307, 308 (1) (372 SE2d 685) (1988).

"[T]he oral statement testified to by the police officer in fact contained the same *material* elements as the [statement disclosed by the State]. . . . Appellant [has] made no showing of surprise as to the contents of the oral statement nor has he shown any prejudice from the admission of the oral statement. . . . We find no error in the admission of the oral statement." (Emphasis supplied.) *Rhodes v. State,* 170 Ga. App. 473, 476 (2) (317 SE2d 285) (1984).

2. During direct examination of one of the State's witnesses, appellant moved for a mistrial. The trial court ruled the testimony inadmissible and gave curative instructions, but appellant renewed his motion for mistrial. Appellant enumerates as error the denial of his renewed motion for mistrial.

"Where a motion for mistrial is made on the ground of inadmissible matters being presented to the jury, the corrective measure to be taken by the trial court also is largely a matter of discretion, and where[, as here,] proper corrective measures are taken and there is no abuse of that discretion, a refusal to grant a mistrial is not error. [Cit.]" *Lee v. State,* 166 Ga. App. 644, 645 (2) (305 SE2d 175) (1983). Accordingly, this enumeration of error is without merit. See also *Anderson v. State,* 262 Ga. 289, 290 (1) (418 SE2d 1) (1992).

3. Appellant's enumeration of the general grounds is without merit. The evidence was sufficient to authorize a rational trior of fact to find appellant guilty beyond a reasonable doubt of possession of cocaine. See *Bell v. State,* 198 Ga. App. 874 (1) (403 SE2d 864) (1991); *Watson v. State,* 190 Ga. App. 96, 97 (2) (378 SE2d 378) (1989); *Boulware v. State,* 189 Ga. App. 390 (1) (376 SE2d 209) (1988).

*Judgment affirmed. Pope, C. J., and Johnson, J., concur.*

DECIDED JANUARY 29, 1993.

*J. Robert Joiner,* for appellant.

*Lewis R. Slaton, District Attorney, Barry I. Mortge, Assistant District Attorney*, for appellee.