## A94A0335. TUGGLE v. THE STATE.
(440 SE2d 740)

BIRDSONG, Presiding Judge.

Clarence Edward Tuggle was convicted of two counts of child molestation of his then four or five-year-old granddaughter H. M. and

acquitted of three other child molestation counts. *Held*:

1. Appellant's claim of insufficiency of the evidence is without merit. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the two child molestation counts of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant asserts the trial court erred in denying certain defense motions, as he was prejudiced by the introduction of certain similar transaction evidence when notice of such evidence was not included in the State's USCR 31.3 notice.

(a) In addition to three charges of molesting his granddaughter H. M. (of which appellant was convicted of two), appellant also was charged with two counts of child molestation of another granddaughter K. M., both of which he was found not guilty. K. M. was age 12 at the time of trial. During direct examination by the State, K. M. was asked where she was when appellant touched her in a manner that had made her uncomfortable. K. M. responded "in Alabama." Appellant made an immediate objection and requested a motion hearing. The trial court, however, elected to reserve its ruling, and examination continued. When the State attempted to renew its questioning, the prosecutor was interrupted by appellant who posed an objection to leading the witness. The court ruled that the State was not leading and instructed the prosecutor to renew the question. Thereafter, the prosecutor instructed the young witness that she did not "want to hear about anything that happened in Alabama, okay?" Appellant immediately responded, "I object and . . . renew my motion." The trial court overruled the renewal of the motion (which apparently all parties at trial assumed was a motion for mistrial, although not specified on the record as such), and directed the prosecutor to proceed. The appellate standard for review of a denial of a mistrial motion is an abuse of discretion test. *Muzquiz v. State*, 260 Ga. 547, 548 (5b) (397 SE2d 703).

Although no curative instruction was given immediately following either the reservation of the motion or its subsequent first denial, none was requested by appellant. By failing to request a timely curative instruction, appellant failed to preserve any issue as to the lack of such an instruction after the first denial of his motion. *Butts v. State*, 193 Ga. App. 824, 828 (2) (389 SE2d 395); compare *Oller v. State*, 187 Ga. App. 818, 823 (4) (371 SE2d 455). The trial court did not abuse

its discretion in initially reserving and then shortly thereafter denying appellant's motion. After the first denial of his motion, appellant did not timely renew his request for an out-of-court hearing in an attempt to perfect the record by establishing K. M. had revealed that a prior criminal sexual act, in fact, had been committed upon her in Alabama. Error will not be presumed from a silent record. *Williams v. State*, 188 Ga. App. 496 (3) (373 SE2d 281).

Moreover, assuming it reasonably could be inferred that this particular "uncomfortable" touching was criminal in nature, under the totality of the circumstances, which in part are exacerbated by the trial procedure of appellant (see generally *Williams v. State*, 205 Ga. App. 445, 446 (2) (422 SE2d 309); *Hollis v. State*, 191 Ga. App. 525, 528 (5) (382 SE2d 145)), any error committed was not so grievous as to preclude correction by a subsequent curative instruction. Thus, the trial court would not abuse its discretion, even in this event, by initially denying the motion and, as above-held, appellant has waived any appellate issue as to the failure to give a timely curative instruction following this denial of the motion.

(b) During the examination of law enforcement officer Evans, the motion for mistrial specifically was renewed and denied. As above, we find no abuse of discretion in such ruling. This time, however, appellant did request a curative instruction immediately following the denial of his motion in an out-of-court hearing. The trial court gave a curative instruction to the jury concluding expressly that the jurors "should disregard that which was objected to, and the court is now sustaining that objection." Examining the curative instruction in its totality (cf. *Hambrick v. State*, 256 Ga. 688 (3) (353 SE2d 177)), we are satisfied it was not misleading and was sufficient to prevent any prejudicial impact, within the meaning of *Allen v. State*, 259 Ga. 303 (2) (379 SE2d 513), caused by K. M.'s reference to Alabama as the site of some unidentified form of uncomfortable touching. As appellant failed to object timely to curative instruction content and thereafter failed to renew timely his mistrial motion, he has not preserved any issue pertaining thereto on appeal. See *Lyon v. State*, 262 Ga. 247, 248 (3a, b) (416 SE2d 523); *Leary v. State*, 206 Ga. App. 191 (424 SE2d 903); *Harris v. State*, 202 Ga. App. 618, 620 (3b) (414 SE2d 919); see also *Minton v. State*, 167 Ga. App. 114 (2) (305 SE2d 812).

(c) Appellant, however, argues that the trial court further committed reversible error when, during the continued examination of Evans, the following colloquy occurred: "[Q]: Did [K. M.] relate . . . any other time when she had been touched by anyone in a way she didn't like? [A]: Yes. . . . [Q]: Who was it? [A]: It was her papa. [Q]: Did she tell you when and where that took place? [A]: Yes. . . . [Q]: And where was it? [A]: It was in another jurisdiction. [Appellant's Counsel]: I object. . . . [Court]: I'll sustain the objection. [Appellant's

Counsel]: I'll move for a mistrial again. [Court]: All right. I overrule your motion." No request for curative instruction was timely tendered following this ruling. As above, we find that, under the totality of the circumstances (which included the prior curative instruction to the jury to disregard similar-type of testimony by K. M.), the trial court did not abuse its discretion in denying the mistrial motion. We are satisfied that although this constitutes a reference to some unidentified form of undesirable touching committed, at some unestablished location in a law enforcement jurisdiction other than that of Evans', it was not so inherently prejudicial in nature as to compel the granting of a mistrial motion and as to be incapable of correction by curative instruction within the meaning of *Allen*, supra. Once again, as appellant failed to request timely a curative instruction following the denial of a mistrial motion, he has not preserved for appeal any issue pertaining to the failure to give such an instruction. *Butts*, supra; *Oller*, supra.

(d) Additionally, and equally important, the record reflects that appellant was found not guilty of the charges pending against him regarding his granddaughter, K. M. Clearly and conclusively the evidence at issue did not prejudice appellant in any manner regarding each of the offenses of which he was found not guilty. As to the charges of which he was found guilty for child molestation of granddaughter H. M., the record reveals numerous instances of admissible, similar transaction evidence tending to establish a pattern of sexual abuse by appellant of various female child relatives. Assuming the trial court had abused its discretion by denying appellant's mistrial motions, we are satisfied beyond a reasonable doubt that the cumulative nature of the oblique references to prior transactions in the general nature of an undesirable touching of K. M. in Alabama did not contribute to appellant's convictions of the two child molestation charges involving his granddaughter H. M. Thus, any resulting error was harmless. See *Palmer v. State*, 186 Ga. App. 892, 897 (369 SE2d 38). The questions and answers at issue "could not have shocked the jury given all of the sordid details of this case." *Chastain v. State*, 262 Ga. 178, 179 (3) (415 SE2d 629).

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED FEBRUARY 4, 1994.

*David L. Cannon*, for appellant.
*Garry T. Moss, District Attorney, Cecelia M. Harris, Assistant District Attorney*, for appellee.