A96A0292. GRIFFIN v. THE STATE.
(470 SE2d 744)

Birdsong, Presiding Judge.

Joseph Martin Griffin appeals his conviction of two counts of aggravated sodomy and rape. The six-year-old victim was the seventeen-year-old appellant's cousin; at the time the incidents occurred, the victim and appellant lived in an extended family setting in the same house. A colposcope examination, conducted at the Scottish Rite Children's Medical Center (Scottish Rite Hospital), of the victim showed evidence of multiple forcible penetrations of the victim's vagina. The victim made an in-court identification of appellant and testified he had placed his penis "inside" her and that it hurt when she was touched in a bad way; she also testified appellant had touched her "private" with his mouth, had required her to take his penis inside her mouth and had threatened her that something would happen to her as "Freddy Kruger" would get inside his body. Other witnesses testified as to the statements the child victim made against her assailant, including the victim's mother who confronted appellant and obtained his admission "to doing" what the victim claimed, that is, to having "messed" with her. Appellant enumerates three errors. *Held*:

1. Appellant contends the trial court erred in denying his motion for directed verdict as the evidence was insufficient to sustain his conviction. We disagree. As a general rule, "a motion for directed verdict in a criminal trial should only be granted where there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law." *Taylor v. State*, 252 Ga. 125, 126 (1), 127 (312 SE2d 311). However, the test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) "is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence." *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436). On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a

presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State,* 195 Ga. App. 463, 464 (1) (393 SE2d 737). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses of which he was found guilty. *Jackson v. Virginia,* supra.

2. Appellant contends the trial court erred in failing to grant his mistrial motion after a member of the Department of Family & Children Services ("DFCS") testified "that she had confirmed the allegations of sexual molestation" of the victim by appellant. The record reveals the following colloquy: "[PROSECUTOR] Q. Did DFCS along with you . . . confirm this allegation? [DFCS WITNESS] A. Yes. Q. Now, what does it mean for the Department of Family and Children Services to confirm an allegation? A. That the evidence that we have — we have evidence to support, to confirm, the allegations that have been made." At this point, defense counsel obtained an out-of-court hearing and moved for a mistrial. After hearing argument, the trial court elected to allow the witness to proceed with describing what DFCS meant when they concluded allegations had been confirmed, and overruled the mistrial motion "at this time." Upon the return of the jury, the State proceeded to examine the witness as follows: "[PROSECUTOR] Q. [Could you] explain to the jury a little bit, what it meant for DFCS to confirm the allegation? [DFCS WITNESS] A. We can confirm a case, meaning that we have enough evidence that supports the allegations. *It does not necessarily mean that law enforcement has enough information to charge anybody.* I knew with the medical evidence this child had been sexually abused, which was enough for me to confirm my case." (Emphasis supplied.)

Examining the record in its totality, it appears that the DFCS witness did not express any affirmative opinion as to the credibility of the victim; at most she opined that in view of the medical evidence (which subsequently was presented to the jury), DFCS, though not necessarily a law enforcement agency, could conclude for its purposes that an allegation of sexual abuse of the victim was confirmed. This case is factually distinguishable from *Guest v. State,* 201 Ga. App. 506, 507 (411 SE2d 364) where a police officer testified that the basis for obtaining an arrest warrant for appellant was that he had viewed a videotape of the victim's statement and felt the victim had been qualified on the tape and appeared "credible" in the officer's "eyes." Although not directly in point, we find persuasive and controlling our holding in *Satterwhite v. State,* 212 Ga. App. 543 (2) (442 SE2d 5) where the investigator did not improperly give his opinion of the victim's truthfulness, but instead merely expressed his opinion that the physical evidence was consistent with the victim's testimony. In this

case, the witness affirmatively testified before the jury that DFCS confirmation of an allegation does not necessarily mean that a law enforcement agency would have enough evidence to arrest anyone, and in essence opined that the medical testimony was consistent with and supportive of an allegation that the victim had been sexually abused. Although we discourage this practice as it treads dangerously close to the precipice of prejudice, in this instance, sure legal footing was maintained by the State and error did not result; the trial court did not abuse its discretion in denying appellant's motion for mistrial.

3. Appellant further contends the trial court erred in denying his mistrial motion when a sheriff's department investigator erroneously testified that the victim said appellant had "raped" her. "The volunteering of non-responsive prejudicial evidence by a law enforcement officer may be grounds for mistrial. [Cit.] . . . The question of whether non-responsive and improper statements by a law enforcement officer are so prejudicial as to warrant a mistrial is one which must be resolved by the exercise of discretion by the trial court. [Cit.]" *Teasley v. State*, 177 Ga. App. 554, 555-556 (3) (340 SE2d 32).

The record reveals that the sheriff's investigator was asked to testify as to what the child victim had told her, and responded in pertinent part as follows: "[Appellant] would forcibly make her suck his penis. . . . He would lick her vagina. . . . Then he would *rape* her. . . . She would tell him it would hurt, and he said, 'he didn't care.' . . . And she told of him [drawing] . . . pictures of her vagina, then would lick her vagina and then *rape* her." (Emphasis supplied.) Appellant immediately moved for a mistrial outside the presence of the jury on the ground that the victim had not made any statement that appellant had raped her. The investigator reviewed her documents and conceded that the victim had not stated that appellant had raped her, but had said he placed his "penis" inside her "private." The trial court denied the mistrial motion stating that instead he was going to give the jury a "caution and instruction." Before the jury returned and before the curative instruction was given, the defense counsel stated for the record that he would renew his mistrial motion at the proper time, and that he did "reserve the *objection*." (Emphasis supplied.) The trial court merely announced it understood the procedure to be adopted by appellant but did not affirmatively authorize such a procedure. Upon the return of the jury, the trial court gave the following curative instruction: "During the previous testimony, the witness testified that the victim stated to her that the defendant raped her. *I'm going to direct you to disregard the characterization of the conduct as rape*, and I'm going to allow [the prosecutor] to re-question the witness to make out exactly what the victim did say to the witness." (Emphasis supplied.) Thereafter, the investigator was

re-questioned as to the conversation and gave the following pertinent clarifying testimony: "She told me that he touched her by placing his penis inside her vagina. She used the word private. And that he would forcefully make her put her mouth on his penis. . . . That he also would place his mouth on her vagina." Appellant did not renew its motion for mistrial immediately following the curative instruction. See generally *Schirato v. State*, 260 Ga. 170, 172 (5) (391 SE2d 116); *Harris v. State*, 202 Ga. App. 618, 620 (3) (b) (414 SE2d 919).

We find *Nichols v. State*, 177 Ga. App. 689 (340 SE2d 654) to be distinguishable and not controlling; in the case at bar, unlike *Nichols*, supra, a curative instruction was immediately given, instructing the jury to disregard the rape characterization and the investigator then testified as to the words actually used by the child victim in her statement.

At most, the investigator's initial remarks were "an erroneous legal conclusion, mischaracterizing the extent to which appellant's statement was inculpatory." *Teasley*, supra at 555 (3). Immediately following the curative instruction, the investigator testified as to the terminology actually employed by the child thereby correcting this mischaracterization. Examining the witness's testimony in its entirety and the corrective action promptly taken by the trial court, we find that the curative instruction and the clarifying testimony served to prevent any prejudicial impact on the jury due to the initial mischaracterization of the terminology employed by the child victim in her statement. A trial court's ruling will not be disturbed on appeal absent an abuse of discretion, which does not exist if the curative instruction serves to prevent any prejudicial impact and/or the jury indicates that it can follow the instruction and will not consider any improper prejudicial statements or testimony. *Allen v. State*, 259 Ga. 303, 304 (2) (379 SE2d 513). " 'Where a motion for mistrial is made on the ground of inadmissible matters being presented to the jury, the corrective measure to be taken by the trial court also is largely a matter of discretion, and where(, as here,) proper corrective measures are taken and there is no abuse of that discretion, a refusal to grant a mistrial is not error.' " (Citations omitted.) *Jackson v. State*, 207 Ga. App. 190, 191 (2) (427 SE2d 566). Additionally, the investigator's erroneous "rape" characterization testimony could not have shocked the jury to a point where it could not perforce follow an adequate curative instruction "given all of the sordid details of this case that were [legitimately] introduced into evidence." *Chastain v. State*, 262 Ga. 178, 179 (3) (415 SE2d 629). On this record, we conclude the trial court properly exercised its discretion in denying the mistrial motion. Id.

*Judgment affirmed. Blackburn, J., concurs. Beasley, C. J., concurs in the judgment only.*

DECIDED MARCH 28, 1996 —
RECONSIDERATION DENIED APRIL 12, 1996.

T. Lee Henley, for appellant.
James R. Osborne, District Attorney, E. Chandler Barrett, Assistant District Attorney, for appellee.