A97A1808. MILLER v. THE STATE.
(495 SE2d 329)

Judge Harold R. Banke.

In a bench trial, Wesley Miller was convicted of simple battery. He challenges only the sufficiency of the evidence.

On appeal, the evidence must be viewed in the light most favorable to the verdict and Miller no longer enjoys the presumption of innocence. *Anderson v. State*, 224 Ga. App. 608, 609 (481 SE2d 595) (1997). The evidence, when viewed in that light, shows that one evening while the 15-year-old victim's mother had gone shopping, Miller, then 48, had been drinking. He entered the bedroom where the victim was lying on a bed using the telephone. According to the victim, Miller came in, climbed on top of her, and kissed her on the mouth. The victim's mother testified that during the next day her daughter was emotionally distraught, upset and crying, and refused to speak to anyone for two weeks. Miller admitted going into the bedroom and touching the victim but denied doing anything improper. *Held*:

The pertinent essential elements of simple battery are: (1) intentionally making physical contact with the person of another; (2) of an insulting or provoking nature. OCGA § 16-5-23 (a) (1). Miller's admission that he intentionally touched the victim, notwithstanding his claim that he just put his hand around her, satisfies the first element. The victim's testimony that the contact was nonconsensual and unwelcome corroborated by the mother's testimony that her daughter suffered a traumatic reaction satisfied the requirement that the contact be of an insulting nature. *Wells v. State*, 204 Ga. App. 90, 91 (418 SE2d 450) (1992). This evidence was sufficient for a rational trier of fact to find all the essential elements of simple battery within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 30, 1997.

*John E. Pirkle*, for appellant.
*Edward L. Colby, Jr., Solicitor*, for appellee.