## A98A0674. COOK v. THE STATE.
(503 SE2d 40)

RUFFIN, Judge.

A jury found Barry Craig Cook guilty of rape. Cook appeals from the judgment of conviction and denial of his motion for new trial. We affirm, for the following reasons:

On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Miller v. State*, 230 Ga. App. 73 (495 SE2d 329) (1997). So viewed, the evidence in this case shows that the victim testified that she awoke to find Cook, her estranged ex-boyfriend, standing in her bedroom. Cook attempted to talk to the victim about reconciling their relationship, but the victim refused. A struggle then ensued. Cook forcibly removed the victim's clothing, dragged her downstairs, threw her onto a bed and had sexual intercourse with her. The victim testified that she did not consent to sexual intercourse. After she was raped, the victim called her sister and told her to call the police. The victim's sister called 911 while en route to the house where the rape occurred. The 911 operator in turn called the house and talked to the victim.

Investigator Angela Fedd responded to the crime scene and obtained a statement from the victim. The victim told Officer Fedd that Cook broke into her house, entered her bedroom and raped her.

1. Cook contends that the trial court erred in excluding evidence about the victim's proposed abortion because this evidence was the basis for the argument he had with the victim and consequently was relevant to explain why he went to the victim's home, what caused the argument, and the reason Cook consoled the victim. Cook further contends that the emotional nature of the discussion about the victim's plan to have an abortion was necessary to give the jury a picture of the highly emotional confrontation between the victim and the defendant which led to the consensual intercourse. Cook argues the court's ruling "eviscerated" his sole defense.

At trial, Cook's trial counsel objected to Fedd's reference to Cook hitting the victim previously, arguing that the statement placed

Cook's character into evidence. The trial court found the reference was made inadvertently, and denied Cook's motion for mistrial. However, the court gave the jury a curative instruction, but avoided repeating the statement that Cook hit the victim previously. At the close of the evidence, the court considered Cook's proffered testimony that the victim told him that she was pregnant and had decided to have an abortion. Cook further stated that he went to the victim's home to confront her about this decision, an argument ensued, and during the course of consoling the victim, they engaged in consensual intercourse. The trial court considered Cook's proffer but did not allow its admission.

" 'Any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant.' [Cits.]" *Owens v. State*, 248 Ga. 629, 630 (284 SE2d 408) (1981). However, irrelevant matters which improperly tend to reflect adversely on the victim's character, which destroy a juror's impartiality, or which only excite the passions of the jurors should not be admitted. *Kennard v. State*, 180 Ga. App. 522 (1) (349 SE2d 470) (1986). See *Teasley v. State*, 177 Ga. App. 554, 555 (2) (340 SE2d 32) (1986).

Cook acknowledges that the evidence complained of "is extremely emotional and divisive, and persons with divergent views often become heated over this subject." The State agrees, stating that "abortion is one of the most inflammatory issues of our time."

Here, the trial court allowed Cook to present evidence of the past sexual relationship between the parties pursuant to the Rape Shield Statute, OCGA § 24-2-3. The trial court also allowed evidence of the argument which preceded the rape, but excluded evidence of the substance of that argument, i.e., the victim's decision to have an abortion. The trial court reasoned that "[a]n argument is an argument over whatever. . . ." Contrary to Cook's assertion that he was denied an opportunity to present evidence of his sole defense, the trial court did not prohibit him from explaining his presence in the victim's home or his subsequent act to console the victim, however the court did restrict his explanation from making any reference to the possibility of abortion. The evidence of the abortion only injected an "improper element of emotionalism." *Teasley*, supra. Accordingly, the trial court properly ruled that the evidence of the substance of the argument, i.e., the victim's proposed abortion, was irrelevant to the issue of consent.

2. Cook asserts that the trial court erred in denying his motion for mistrial after the officer testified that Cook previously hit the victim. In addition, Cook claims the statement was flagrantly prejudicial, and made more egregious by the prosecutor's failure to instruct

the officer of the pre-trial ruling limiting the officer's testimony.

We first note that the record fails to show that Cook raised a prosecutorial misconduct issue at trial. Thus, Cook has waived this issue on appeal. *Johnson v. State*, 258 Ga. 856, 858 (376 SE2d 356) (1989). Nor does the record show that the officer intentionally violated the court's in-limine ruling by injecting this evidence. Under the circumstances of the instant case, "[t]he State's alleged misconduct is not an issue, the controlling issue is whether a mistrial was essential to the preservation of defendant's right to a fair trial. [Cit.]" *Edwards v. State*, 200 Ga. App. 580, 582 (1) (408 SE2d 802) (1991).

"A trial court's denial of a motion for mistrial based on the improper admission of bad character evidence is reviewed for abuse of discretion by examining factors and circumstances, including 'the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety.' [Cit.]" *White v. State*, 268 Ga. 28, 32 (4) (486 SE2d 338) (1997).

At trial, the officer testified that "[Cook] wasn't doing anything to [the victim] and a conversation took place, because she was discussing him hitting her on another occasion." Cook timely objected to the evidence and the trial court denied Cook's motion for mistrial, but gave a curative instruction to the jury. *Posey v. State*, 152 Ga. App. 216, 217 (262 SE2d 541) (1979) relied on by Cook does not require a contrary result. In *Posey*, we found reversible error when voluntary and deliberate comments by police officers placed Posey's character in issue. Here, unlike *Posey*, there is no evidence of deliberate misconduct. In light of the unintentional nature of the evidence, we cannot conclude that the trial court abused its discretion in denying Cook's motion for mistrial. *White*, supra. See also *McGee v. State*, 267 Ga. 560, 565 (3) (480 SE2d 577) (1997).

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

DECIDED MAY 29, 1998 —
RECONSIDERATION DENIED JUNE 8, 1998 — ■

*Steven E. Phillips*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney*, for appellee.