A98A1403, A98A1404. GRIMSLEY v. THE STATE (two cases).
(505 SE2d 522)

JOHNSON, Presiding Judge.

Wesley Luke Grimsley and Regina Lee Grimsley appeal their convictions of five counts of child molestation. Regina Grimsley also appeals her additional conviction of one count of aggravated child molestation. The five counts of child molestation arise from Wesley and Regina Grimsley having sexual intercourse in the presence of five children between the period January 1, 1994 and July 24, 1996. The children were approximately nine to fourteen years of age at the time. The Grimsleys were the parents of two of the children, W. and J. Two of the children, C. and A., were the nephew and niece, respectively, of Wesley Grimsley. The third child, C. P. E., apparently was not related to the Grimsleys. The aggravated child molestation charge arises from Regina Grimsley committing an act of oral sodomy with one of the female children during the same time period.

*Case No. A98A1403 (Regina Grimsley)*

*Similar Transaction Evidence.* Regina Grimsley's sole contention is that the trial court erred in admitting evidence of similar transactions which occurred between herself and some of the child victims. She cites no cases in support of her contention. Rather, she argues that the alleged similar transaction evidence was so vague as to time, place, and circumstances as to make it impossible for her to contest it; that it was inherently unfair to offer the evidence as similar transaction evidence rather than indicting her for it because it lessened the burden of proof; and that it violated due process and was a breach of the trial court's discretion to allow the similar transaction evidence to be admitted when the state could have sought an indictment for such conduct thereby requiring its proof beyond a reasonable doubt.

As these are the only grounds argued in support of this enumeration of error, all other grounds for error are deemed abandoned, including any contention that the evidence at issue failed to meet the test of *Williams v. State*, 261 Ga. 640, 641 (2) (a) (409 SE2d 649) (1991), or that the court erred either in giving a charge on similar transactions or as to the substance of such charge. Court of Appeals Rule 27 (c) (2); see *Cole v. State*, 211 Ga. App. 236, 237 (438 SE2d 694) (1993); *Wells v. State*, 208 Ga. App. 298, 300 (2) (a) (430 SE2d 611) (1993).

We first address Regina Grimsley's argument that it is inherently unfair and violates due process for the court to allow conduct to be admitted as similar transaction evidence when the state could have sought an indictment for such conduct. Her assertion of this particular error, unsupported by any citation of legal authority is far from persuasive, as it is a general rule under Georgia law, that the decision of whether to prosecute and what charges to file are decisions that rest in the prosecutor's discretion. *Noeske v. State*, 181 Ga. App. 778, 779 (1) (353 SE2d 635) (1987). This Court presumes the trial court's decision is correct, and decisions will not be reversed on argument of error not supported by authority, if authority is available, unless error is apparent without further research. In the case before us, no error is apparent. See *Hertz Corp. v. McCray*, 198 Ga. App. 484, 487-488 (4) (402 SE2d 298) (1991); *Mattox v. MARTA*, 200 Ga. App. 697, 700 (8) (409 SE2d 267) (1991). Furthermore, nothing in this record suggests that the prosecutor abused his discretion in electing not to prosecute the unindicted offenses here at issue.

Ms. Grimsley also contends that the similar transaction evidence was too vague. The notice of the state's intent to present evidence of similar transactions asserted that Regina and Wesley Grimsley, acting together as parties to the crime, between January 1, 1993 and July 24, 1996, in Baldwin County, repeatedly engaged in sexual intercourse in the presence of J. and W. The notice further listed by name the persons who witnessed these similar transactions. This was adequate to place Ms. Grimsley on notice as to the type of evidence sought to be introduced by the state. At trial, the state introduced the following similar transaction evidence: K. G. testified that the victim, J., had repeatedly told her she had watched the Grimsleys have sex, and K. G. had repeatedly removed the victims, J. and W., from the immediate vicinity where the Grimsleys were having sex. A. F., a victim, testified she once removed J. and W. from the Grimsleys' bedroom when the couple was having sex. A. F. also testified that J. told her that she had seen her parents having sex. C. G. testified that, when she was 14 years old, she heard the Grimsleys having sex in the bedroom of their house and she also heard J. and W. playing in that same bedroom while the sex act was occurring. About ten or fifteen minutes later, C. G. saw the Grimsleys and the two children

come out of the bedroom.

It is immaterial to this particular enumeration of error whether the trial court admitted this evidence as similar transaction evidence. Each count of the indictment averred that the child molestation being charged occurred between January 1, 1994 and July 24, 1996. However, the dates in the various counts of the indictment were not averred to be material. "The general rule is that when the exact date of the commission of the crime is not a material allegation of the indictment, the commission of the offense may be proved to have occurred any time within the statute of limitations." (Citation and punctuation omitted.) *Martin v. State*, 196 Ga. App. 145, 146 (1) (395 SE2d 391) (1990). Thus, evidence of Ms. Grimsley's guilt was not restricted to the time periods averred in the indictment, but could extend to any appropriate date prior to the dates in the indictment but within the statute of limitation period for the prosecution of the particular offense charged. Id. Ms. Grimsley concedes the similar transaction testimony pertained to alleged conduct which would have been within the statute of limitation for child molestation. Accordingly, K. G.'s, C. G.'s and A. F.'s testimony regarding sexual acts committed in the presence of the children by the Grimsleys was admissible not merely as similar transaction evidence but as direct evidence of the crime charged. See OCGA § 24-1-1 (3); *Martin*, supra.

The testimony of K. G. and A. F. regarding statements made by J. about seeing her parents engaged in sex was admissible as res gestae evidence. OCGA § 24-3-3. Moreover, although J. and W., who are mentally retarded, were not called as state witnesses, they were available to be called as witnesses. Thus, the statements attributed to J. by K. G. and A. F. were admissible pursuant to OCGA § 24-3-16. "It is a cardinal rule of evidence that if evidence is duly admissible under any legitimate theory, it should be admitted even though it does not qualify for admission under one or more other evidentiary theories. That is, generally evidence should be admitted if it is admissible for any legitimate purpose. [Cits.]" *Boatright v. State*, 192 Ga. App. 112, 116-117 (6) (385 SE2d 298) (1989). We will not reverse the correct ruling of a trial court regardless of the reason for that ruling given by the trial court. *Krebsbach v. State*, 209 Ga. App. 474 (1) (433 SE2d 649) (1993). The trial court did not err in admitting the similar transaction evidence.

The transcript contains admissible evidence of the Grimsleys' acts of sexual intercourse in the presence of children, of open and inappropriate sexual activity by J. and W. observed by others, and of Ms. Grimsley's affirmative admission in open court that W. put her mouth on Ms. Grimsley's "private parts." Thus, the similar transaction evidence here at issue could not have shocked the jury, or made it highly probable that its admission contributed to the verdict, given

all the sordid details of this case. See *Tuggle v. State*, 211 Ga. App. 854, 857 (2) (d) (440 SE2d 740) (1994). See also *Griffin v. State*, 221 Ga. App. 138, 141 (3) (470 SE2d 744) (1996) (physical precedent only). Any error in the admission of the evidence here at issue would be harmless.

### Case No. A98A1404 (Wesley Grimsley)

1. *Sufficiency of Evidence.* The transcript contains testimony that Wesley Grimsley engaged in acts of sexual intercourse with Regina Grimsley in the presence of the five child victims. However, Mr. Grimsley claims there exists no evidence of intent as required by OCGA § 16-6-4 (a). "The intent with which an act is done is peculiarly a question of fact for determination by the jury and even when a finding that the accused had the intent to commit the crime charged is supported by evidence which is exceedingly weak and unsatisfactory the verdict will not be set aside on that ground. . . . Intent, which is a mental attitude, is commonly detectible only inferentially, and the law accommodates this. OCGA § 16-2-6." (Citations and punctuation omitted.) *Branam v. State*, 204 Ga. App. 205, 206 (1) (419 SE2d 86) (1992). Although Mr. Grimsley contends that he did not have the requisite criminal intent, it can be inferred from his act of openly engaging in sexual intercourse in the presence of children that he acted with the intent to arouse or satisfy his sexual desires. See *Hathcock v. State*, 214 Ga. App. 188, 190 (2) (447 SE2d 104) (1994) (jury could find intent from act of defendant of exposing himself to a child).

Mr. Grimsley also claims that he did not commit any immoral or indecent acts, as required by OCGA § 16-6-4 (a), because he engaged in sexual intercourse with his own wife in his own home. We reject this contention. The record establishes several instances where the Grimsleys engaged in sexual activity in the presence of their own two children, and that they engaged in sexual intercourse in the presence of the five children when the children were playing a video game in the living room of the Grimsleys' home. The children left and went into another room when this occurred. By their open and intentional act of sexual intercourse in the presence of all five children, the Grimsleys converted their residence from a constitutionally protected zone of privacy into a public place where their consenting sexual activity, albeit between husband and wife, was transformed from acceptable and protected marital conduct into an immoral and indecent act within the meaning of OCGA § 16-6-4 (a). Cf. *Greene v. State*, 191 Ga. App. 149 (381 SE2d 310) (1989) (marital bedroom converted from private zone to a public place by nudity in the presence of children who were not members of household); *McGee v. State*, 165 Ga.

App. 423, 424 (2) (299 SE2d 573) (1983) (public indecency committed by lewd conduct in privacy of victim's apartment). We totally reject the argument that child molestation cannot occur in the privacy of the perpetrator's home.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Hendrix v. State*, 230 Ga. App. 604, 607 (5) (497 SE2d 236) (1998). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that both Wesley Grimsley and Regina Grimsley were guilty of the five counts of child molestation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. *Failure to Give Requested Charge.* The trial court did not err in declining to give Wesley Grimsley's written request to charge on specific intent. The requested charge reads that it is the specific intent to "sexually exploit" a young child's "body" in some form that makes the immoral or indecent act particularly harmful. The word "exploit" is defined both as "to utilize" especially for profit and "to use selfishly for one's own end." Webster's Encyclopedic Unabridged Dictionary (1989 ed.). The requested charge would also require the jury to acquit the defendant if it finds "that the defendant did not have the specific intent to arouse or satisfy his sexual desires through the medium of *using* a young child's body," when defendant engaged in sexual intercourse in the presence of a child or children under 16 years of age. (Emphasis supplied.)

Viewed in its entirety, the requested charge would be confusing and potentially misleading to the jury. A defendant need not have intended to actually use the child's body in some physical capacity in order to commit an act of molestation. It is sufficient if a person utilizes or capitalizes on a child's mere *presence* as a witness to the person's intentional immoral or indecent act, provided the act is accomplished "with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a); see generally *Gunter v. State*, 215 Ga. App. 517 (451 SE2d 108) (1994) (defendant convicted of child molestation for exposing himself to a nine-year-old girl); *Jordan v. State*, 230 Ga. App. 560 (497 SE2d 48) (1998) (defendant convicted of child molestation for masturbating in his car in front of a group of young girls).

A request to charge must itself be correct, and even perfect; otherwise, the trial court's refusal to give it will not be cause for reversal. See *Lubiano v. State*, 192 Ga. App. 272, 275 (2) (a) (384 SE2d 410) (1989). A trial court does not err when it refuses to give a confusing or misleading instruction. *Jones v. State*, 200 Ga. App. 519,

521 (2) (c) (408 SE2d 823) (1991); accord *Continental Research Corp. v. Reeves*, 204 Ga. App. 120, 127 (3) (419 SE2d 48) (1992).

*Judgments affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 6, 1998.

*Reginald L. Bellury*, for appellant (case no. A98A1403).
*Robert M. Boulineau*, for appellant (case no. A98A1404).
*Fredric D. Bright, District Attorney, Dawn M. Baskin, Assistant District Attorney*, for appellee.