## S97G1957. GRAVES v. THE STATE.
### (504 SE2d 679)

SEARS, Justice.

This Court granted certiorari to consider the Court of Appeals' conclusion that the City of Atlanta Traffic Court, Fulton County, ("the traffic court") took judicial notice that venue in this matter was proper, despite the absence of evidence in the record to indicate that the traffic court considered taking judicial notice.[1] In reaching this conclusion, the Court of Appeals relied upon Uniform Traffic Citations issued against appellant Graves, which it construed to indicate that Graves' offenses were committed in Fulton County. We conclude that a Uniform Traffic Citation upon which a traffic offense prosecution is based pursuant to OCGA § 40-13-1 is not evidence and cannot provide the factual predicate necessary to establish venue. We also conclude that if a trial court is going to take judicial notice, it must do so on the record after informing the parties of its intention to do so, and after giving the parties an opportunity to be heard on the issue. Therefore, we reverse.

The background of this matter is as follows: When approaching a roadblock established by City of Atlanta police, Graves made a u-turn and proceeded in the opposite direction. He was pursued and apprehended by an Atlanta police officer, and issued three separate Uniform Traffic Citations ("UTCs") for driving with a suspended license, failing to possess proof of automobile insurance, and making an improper u-turn.

The UTCs issued to Graves stated that the traffic offenses were committed in the City of Atlanta. However, the Atlanta city limits extend into both Fulton and DeKalb Counties. Although not altogether clear, the UTCs indicate that Fulton County may have been the site of Graves' offenses.[2] No indictment or accusation was issued against Graves. Rather, his offenses were prosecuted on the basis of

---

[1] *Graves v. State,* 227 Ga. App. 628 (490 SE2d 111) (1997).

[2] In the portion of each UTC marked "location" is the statement: "In the City of Atlanta, County of Fulton/DeKalb." On each UTC issued to Graves, the arresting officer circled all of the word "Fulton," and half of the word "DeKalb." Despite the absence of any explanation at trial from the arresting officer as to which county he intended to specify, the Court of Appeals' majority concluded that the UTCs established that the offenses occurred in Fulton County.

the UTCs, standing alone.[3] At a bench trial held in the City of Atlanta Traffic Court, Fulton County, the arresting officer testified that the crimes occurred within the City of Atlanta, but did not state (and was not asked) whether they occurred in Fulton or DeKalb County. After pleading not guilty to all three charges, Graves was found guilty of each charge.

On appeal, Graves argued that in his prosecution, the State had failed to prove venue beyond a reasonable doubt. The Court of Appeals found otherwise, ruling that the traffic court was authorized to take judicial notice that the UTCs, which were part of the record, indicated that the offenses occurred in Fulton County, thereby establishing venue. Based upon the traffic court's notations on the UTCs and the references to them in the transcript, the Court of Appeals' majority concluded it was "apparent that such judicial notice was taken."[4] Thus, according to the Court of Appeals, there was at least slight evidence that venue was properly laid in Fulton County.[5]

This Court granted certiorari to consider the Court of Appeals' analysis and conclusions regarding the taking of judicial notice in this matter. For the reasons explained below, we reverse.

1. Contrary to the Court of Appeals' majority opinion, we find that in the traffic court, Graves did challenge the propriety of venue in Fulton County, and thus he has preserved an appellate challenge to his conviction based upon the failure to prove venue. As conceded by the State, Graves' plea of not guilty contested every allegation of the criminal charges against him that was necessary to establish guilt.[6] Our Georgia Constitution requires that venue in all criminal cases must be laid in the county where the crime is alleged to have been committed.[7] Venue is a jurisdictional fact that must be proved by the prosecution beyond a reasonable doubt.[8] Only when the evidence is not conflicting and when no challenge to venue is raised at trial will slight evidence be sufficient to prove venue.[9] When there is insufficient evidence of venue, the verdict rendered is contrary to law and without sufficient evidence to support it.[10] Thus, venue is an

---

[3] See OCGA § 40-13-1 (a UTC may serve as the "citation, summons, . . . or other instrument of prosecution of the offense or offenses for which the accused is charged.").

[4] 227 Ga. App. at 630.

[5] In reaching this conclusion, the Court of Appeals majority incorrectly found that Graves had not challenged venue in the trial court. See Division1, infra. Hence, according to the Court of Appeals, the sufficiency of venue could be established on appeal by slight evidence. See *Minter v. State*, 258 Ga. 629 (373 SE2d 359) (1988).

[6] See OCGA § 17-7-94; 21 AmJur2d, Criminal Law, § 452 (1981 & Supp. 1995).

[7] Ga. Const. (1983), Art. VI, Sec. II, Par. VI; OCGA § 17-2-2.

[8] *Adsitt v. State*, 248 Ga. 237 (282 SE2d 305) (1981).

[9] *Minter*, supra; *Jones v. State*, 245 Ga. 592 (266 SE2d 201) (1980).

[10] *Parks v. State*, 212 Ga. 433 (93 SE2d 663) (1956); *Jackson v. State*, 177 Ga. App. 718 (341 SE2d 274) (1986).

essential element of a criminal charge. When a charging document alleges that venue is proper in a certain county, and a defendant pleads not guilty in response to that charging document, he has irrefutably challenged all allegations contained therein, including those pertaining to venue.

2. The prerequisites for judicial notice were not satisfied in this matter. Judicial notice is intended to eliminate the need for formal proof as to: (1) matters which the general public has common knowledge of; (2) facts which are readily ascertainable by reference to some reliable source, and are beyond dispute; and (3) matters which are in the special province of the judge.[11] As explained in Division 1, supra, the issue of venue was in dispute, and was a matter of proof in this matter. Furthermore, venue was not clearly ascertainable in this case by reference to the ambiguous UTCs.[12] Hence, it was an inappropriate subject for judicial notice.[13]

3. Even if we assume that the UTCs issued in this case did state that Graves' traffic offenses occurred in Fulton, rather than DeKalb, County,[14] the UTCs cannot be treated as evidence, and thus cannot provide the factual basis necessary to establish venue. Pursuant to OCGA § 40-13-1, the UTCs issued to Graves served as the "citation, summons, accusation, or other instrument of [his] prosecution." No separate indictments or accusations were issued against Graves for his traffic offenses.

When used as an indictment or accusation, a UTC must be treated accordingly. It is axiomatic that formal accusations or indictments of criminal activity issued by the State against a defendant are not evidence that the defendant actually is guilty of those crimes, and it is error for the finder of fact to treat them as such.[15] This same axiom applies when a UTC is substituted for a formal accusation or indictment. While this procedure is proper under the Code as a means of outlining charges against a defendant and summoning him to answer thereto, it does not sanction the use of a charging document as independent evidence of venue, and the Court of Appeals' majority erred in concluding otherwise.

4. As discussed above, nothing in the transcript indicates that during the bench trial, the traffic court considered taking judicial notice of venue. The issue of whether venue was properly laid in Fulton County never was discussed among the traffic court judge and

---

[11] Green, Ga. Law of Evidence, § 4 (4th ed.); *NationsBank, N.A. v. Tucker*, 231 Ga. App. 622 (500 SE2d 378) (1998).

[12] See n. 2, supra.

[13] *Tucker*, supra.

[14] See n. 2, supra, and accompanying text.

[15] See *Crowe v. State*, 265 Ga. 582, 591 (458 SE2d 799) (1995).

counsel, and the traffic court judge did not inform counsel of an intention to take judicial notice of venue. Nonetheless, the Court of Appeals' majority concluded that references to the UTCs in the transcript established that the traffic court took judicial notice of venue. We already have ruled that the UTCs may not provide the basis for venue, because they are not evidence in this case. While the Court of Appeals' decision is reversible on that basis alone, we take this opportunity to clarify several additional points regarding judicial notice.

(a) First, we conclude that henceforth, if a trial court intends to take judicial notice of any fact, it must first announce its intention to do so on the record, and afford the parties an opportunity to be heard regarding whether judicial notice should be taken. The reasons for requiring such a rule have been well stated by the United States Supreme Court in *Garner v. Louisiana*:

> [U]nless an accused is informed at the trial of the facts of which the court is taking judicial notice, not only does he not know upon what evidence he is being convicted, but, in addition, he is deprived of any opportunity to challenge the deductions drawn from such notice or to dispute the notoriety or truth of the facts allegedly relied upon. Moreover, there is no way by which an appellate court may review the facts and law of a case and intelligently decide whether the findings of the lower court are supported by evidence where that evidence is unknown. Such an assumption would be a denial of due process.[16]

The Federal Rules require that a trial judge notify parties that she is taking judicial notice of an adjudicative fact, and provide them an opportunity to be heard,[17] and we see no reason to require anything less in the courts of this State. In addition to the reasons discussed in *Garner*, supra, so long as a trial court need not announce an intention to take judicial notice, it might appear that reviewing courts could resort to judicial notice to legitimize an otherwise flawed decision, despite the absence of evidence that judicial notice actually was taken.[18]

---

[16] *Garner v. Louisiana*, 368 U. S. 157, 173-174 (82 SC 248, 7 LE2d 207) (1961). To the extent that *In the Interest of G. G.*, 177 Ga. App. 639 (341 SE2d 13) (1986), and *Walker v. McLarty*, 199 Ga. App. 460 (405 SE2d 294) (1991) state otherwise, they are hereby disapproved.

[17] See Fed. R. Evid. 201 (e); Wright & Graham, *Federal Practice & Procedure: Evidence,* §§ 5107, 5109.

[18] In making this statement, we do not intend to imply that such post-hoc rationalization occurred in this case.

For all of these reasons, we conclude that in future cases, trial courts are required to announce on the record an intention to take judicial notice, and to give the parties an opportunity to be heard on whether judicial notice should be taken.

(b) Second, this Court's decision in *Petkas v. Grizzard*[19] did not authorize the Court of Appeals to conclude that judicial notice was taken in this matter. *Petkas* ruled that a trial court may take judicial notice for evidentiary purposes of its own records in a case that is pending before it. Specifically, the *Petkas* court concluded that a trial court could take judicial notice of the record in a prior suit filed in that same court, for purposes of determining whether a newly filed action fell within the provisions of the renewal statute. However, *Petkas* does not authorize the judicial notice of essential elements of a criminal charge, as they are alleged in prosecutorial pleadings, as reasoned by the Court of Appeals' majority. Taken to its logical conclusion, such reasoning would permit trial courts conducting bench trials to dispense with the need to hear evidence to support any of the allegations contained in an accusation. Trial courts could simply take judicial notice of the allegations set forth in prosecuting documents to determine guilt or innocence — an obviously unacceptable situation.[20]

5. To conclude, the traffic court in this matter could not have taken judicial notice that venue was properly laid in Fulton County, because (1) no evidence existed to show the propriety of venue; (2) the prerequisites for judicial notice did not exist; (3) the traffic court failed to state on the record that it was taking judicial notice of venue, and provide the parties an opportunity to be heard on the issue; and (4) there is no basis in the precedent for the taking of judicial notice in this matter.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 21, 1998.

*Patterson & Patterson, Jackie G. Patterson, Yasma M. Patterson,* for appellant.

---

[19] 252 Ga. 104 (312 SE2d 107) (1984).

[20] The Court of Appeals' rationale that the UTCs in this case were somehow distinguishable from other prosecuting documents, because they contained the affidavit of the arresting officer, is unpersuasive. Many prosecuting documents are supported by the affidavit of a law enforcement officer, yet those affidavits are usually not admissible in subsequent prosecutions. See, e.g., *Reed v. State*, 150 Ga. App. 312, 314 (257 SE2d 380) (1979) (the affidavit attached to a search warrant generally is inadmissible).

*June D. Green, Solicitor, Steven E. Kellis, Assistant Solicitor,* for appellee.