A00A1405. IN THE INTEREST OF J. E., a child.
(538 SE2d 852)

POPE, Presiding Judge.

Appellant J. E. was adjudicated delinquent on two counts of simple battery arising out of an altercation that occurred in Peachtree City. He appeals alleging only that the State failed to prove venue in Fayette County.

J. E. denied the allegations against him including venue, and the case was tried before the Juvenile Court of Fayette County. During the trial, the State asked the victim, "Did it happen here in Fayette

---

County?" The victim replied, "Peachtree City." The boy also testified that he went to the Peachtree City Police Department to make a statement. And others testified the incident occurred in the Braelinn shopping center.

Venue is a jurisdictional fact that the prosecution must prove beyond a reasonable doubt. *Graves v. State*, 269 Ga. 772, 773 (1) (504 SE2d 679) (1998). "When there is insufficient evidence of venue, the verdict rendered is contrary to law and without sufficient evidence to support it." Id. In order to take judicial notice of any fact, the trial court "must first announce its intention to do so on the record, and afford the parties an opportunity to be heard regarding whether judicial notice should be taken." Id. at 775 (4) (a).

Without judicial notice of the fact that either Peachtree City or the Braelinn shopping center is wholly within Fayette County, there is no proof of venue. And, because the trial court did not announce its intention to take judicial notice, as required in *Graves*, the State presented no evidence of venue in Fayette County.

*Judgment reversed. Miller and Mikell, JJ., concur.*

DECIDED SEPTEMBER 1, 2000.

*Lloyd W. Walker*, for appellant.

*William T. McBroom III, District Attorney, James E. Sherrill, Assistant District Attorney*, for appellee.