A03A1317. IN THE INTEREST OF A. C., a child.
(587 SE2d 210)

ANDREWS, Presiding Judge.

A. C. was adjudicated delinquent in juvenile court for the offense of affray. She argues on appeal that the court erred in finding her delinquent because the State did not prove venue beyond a reasonable doubt. We agree and reverse.

Venue is a jurisdictional fact that the prosecution must prove beyond a reasonable doubt. *Graves v. State*, 269 Ga. 772, 773 (1) (504 SE2d 679) (1998). "When there is insufficient evidence of venue, the verdict rendered is contrary to

---

law and without sufficient evidence to support it." Id. In order to take judicial notice of any fact, the trial court "must first announce its intention to do so on the record, and afford the parties an opportunity to be heard regarding whether judicial notice should be taken." Id. at 775 (4) (a).

*In the Interest of J. E.*, 245 Ga. App. 770, 771 (538 SE2d 852) (2000).

Here, the State presented no evidence of venue and the juvenile court did not take judicial notice that Upson-Lee High School was in Upson County. Therefore, because the State did not establish the county in which the offense was committed, it has failed to prove venue beyond a reasonable doubt and the evidence is insufficient to support the adjudication. *Jones v. State*, 272 Ga. 900, 901-902 (537 SE2d 80) (2000); *Robinson v. State*, 260 Ga. App. 186, 187 (581 SE2d 285) (2003); *In the Interest of J. E.*, supra.

Accordingly, we reverse A. C.'s adjudication as delinquent. In doing so, we note that retrial is not barred by the Double Jeopardy Clause so long as venue is properly established at retrial. *Jones*, supra at 905.

*Judgment reversed. Barnes and Adams, JJ., concur.*

DECIDED SEPTEMBER 3, 2003.

*Irvin & Smith, Mark M. Irvin*, for appellant.
*Tammy M. Griner*, for appellee.