## A05A1614. BLUNT v. THE STATE.
### (620 SE2d 572)

PHIPPS, Judge.

Richard Blunt and Randolph McKinney were charged with the armed robbery of Barbara Howard and Mia Musciano in one incident, and of Matt Dill and Sean Lucas in a separate incident. At a jury trial, Blunt was convicted of all charges. Following the denial of his motion for new trial, Blunt appeals his convictions. He complains primarily of ineffective assistance of trial counsel. Because Blunt has not shown any act or omission by counsel that was both deficient and prejudicial, we affirm.

Prior to trial, Blunt and McKinney moved to suppress any pretrial or in-court identification of them by any of the victims. The trial court denied the defense motion to suppress identification of the defendants by Howard and Musciano. The court granted the defense motion to suppress pretrial identification of the defendants by Dill and Lucas, as being the result of an unduly suggestive showup. The court reserved ruling on the motion to suppress any in-court identification of the defendants by Dill and Lucas, based on the absence of a showing that any identification at trial would be tainted by the suggestive pretrial showup.

At trial, Howard and Musciano testified that they stopped their car in the Virginia Highlands area of Atlanta because balloons they were transporting in the back seat began to interfere with Howard's driving. They walked to the rear of the car to open the hatch and were accosted by Blunt and McKinney. Blunt and McKinney threatened the women with a gun, of which McKinney was in possession. Together, the two men forced the women to give them their money and then fled the scene. The women immediately reported the incident to police.

Within about 20 to 30 minutes after the robbery, the women had returned to their car and were stopped at a red light in the vicinity of the robbery when Blunt, McKinney, and a third man pulled beside them in a car. The women recognized Blunt and McKinney and engaged the men in a high-speed vehicular chase. After the women alerted the police to the chase on their cell phone, the men were

cornered by Atlanta police officers a few miles from the robbery scene. Both women testified to their positive identification of Blunt and McKinney at the arrest scene. Their testimony also showed that Howard's driver's license and the money taken from her and Musciano were found in the men's car at the time of their arrest.

At about the time Howard and Musciano were robbed and in the same area, Dill and Lucas were walking home from a bar when they, too, were robbed at gunpoint by two men fitting the description of Blunt and McKinney. After the robbery, Dill and Lucas ran home and called the police. As the investigating officer, Jeffrey Owen, was taking their statements, he received a radio call that Blunt and McKinney had been apprehended and that items stolen from Dill and Lucas had been recovered. The officer took Dill and Lucas to the parking lot where Blunt and McKinney had been arrested, and their wallets were then returned to them. At trial, Dill identified Blunt as one of the robbers. Officer Owen testified that Dill had identified both Blunt and McKinney at the arrest scene. Another arresting officer, Michael O'Hagan, testified that Dill and Lucas identified Blunt and McKinney at the arrest scene. Lucas did not testify.

1. Blunt charges his trial lawyer with ineffective assistance in numerous regards.

"To establish ineffective assistance of counsel, [Blunt] 'must show that (1) counsel's performance was deficient, and (2) the deficiency so prejudiced his defense that a reasonable possibility exists that the trial's outcome would have been different but for that deficiency.' "[1] "Furthermore, 'there is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy. In the absence of testimony to the contrary, counsel's actions are presumed strategic.' "[2]

(a) Blunt charges defense counsel with ineffective assistance in failing to request a remedial instruction or move for a mistrial when, during cross-examination by defense counsel, Howard gave unresponsive testimony showing that jewelry taken in another robbery had been found in Blunt's and McKinney's car at the time of their arrest. The transcript shows that Howard gave her unresponsive testimony while counsel was conducting a vigorous cross-examination of her in an attempt to undermine the accuracy of her identification of Blunt. At the hearing on Blunt's motion for new trial, counsel

---

[1] *Tenorio v. State*, 261 Ga. App. 609, 611 (3) (583 SE2d 269) (2003) (footnote omitted).

[2] *Jackson v. State*, 230 Ga. App. 292, 293 (1) (496 SE2d 315) (1998) (citation and emphasis omitted).

testified that she raised no objection to Howard's testimony because she did not want to emphasize it to the jury. Counsel's actions were reasonable.

(b) Blunt charges his attorney with ineffective assistance in failing to object to hearsay testimony by Dill concerning Lucas's identification of him. A review of the relevant portions of the transcript reveals, however, that although Dill testified to the robbery of both himself and Lucas, he testified only to his own pretrial identification of Blunt and not to any pretrial identification by Lucas.

(c) Blunt charges counsel with ineffective assistance in failing to object to testimony by Officer Owen that Dill's and Lucas's wallets had been recovered at the arrest scene. Blunt's argument that this testimony constituted inadmissible hearsay is without merit. OCGA § 24-3-1 (a) defines "hearsay evidence" as "that which does not derive its value solely from the credit of the witness but rests mainly on the veracity and competency of other persons." Supplementary definitions of hearsay further explain that it generally relates to an out-of-court statement made by someone other than the witness.[3] Owen testified that he, himself, recovered Dill's and Lucas's wallets. That testimony was in no way hearsay.

(d) Blunt also charges counsel with ineffective assistance in failing to object to Dill's in-court identification testimony, to testimony by Officer Owen that Dill had identified both Blunt and McKinney at the arrest scene, and to testimony by Officer O'Hagan that both Dill and Lucas had identified Blunt and McKinney at the arrest scene. Given, however, the admissibility of Howard's and Musciano's identification of Blunt, and the evidence showing that items taken from them and from Dill and Lucas were recovered from the car Blunt was occupying at the time of his arrest, there is no reasonable probability that the trial's outcome would have been different if the identification of him by Dill and Lucas had been kept out.

2. Blunt's challenge to the sufficiency of the evidence to support his convictions is wholly without merit. There was ample evidence authorizing any rational trier of fact to find Blunt guilty of all four counts of armed robbery beyond a reasonable doubt.[4]

3. Additionally, Blunt complains of certain comments made by the prosecuting attorney in his closing argument and to an instruction given by the court to the jury. Blunt, however, has failed to support these claims of error with citations to the transcript as

---

[3] *Momon v. State*, 249 Ga. 865 (294 SE2d 482) (1982).
[4] E.g., *Cook v. State*, 273 Ga. 574 (1) (543 SE2d 701) (2001).

required by our Rule 25. Moreover, we do not find the prosecutor's comment prejudicial or the jury instruction erroneous.

4. Blunt's remaining claims of prosecutorial misconduct and trial error relate to issues previously resolved.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED AUGUST 2, 2005 —
RECONSIDERATION DENIED SEPTEMBER 8, 2005 — 

*Dell Jackson*, for appellant.
Richard Blunt, *pro se*.
*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.