A06A0319. KENNEDY v. THE STATE.
(631 SE2d 462)

BARNES, Judge.

A Floyd County jury convicted Ronald J. Kennedy of aggravated stalking, and he was sentenced as a recidivist to ten years, to serve two with the remainder on probation. Following the denial of his new trial motion, Kennedy appeals his conviction, contending that the trial court erred by admitting evidence of his prior difficulties with the victim, and that the evidence was insufficient to sustain his conviction. Upon our review, we discern no error and affirm Kennedy's conviction.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. Id.; see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The evidence at trial, viewed in the light most favorable to the verdict, demonstrated that Kennedy and the victim were divorced in February 2003. In May 2004, the victim obtained a 12-month protective order against Kennedy which prohibited him from coming within 1,000 yards of the victim.

On September 1, 2004, the victim was stopped at a traffic light when a vehicle approached from the rear "really, really close to [her]." She was frightened that the vehicle was going to hit her car, but instead the driver pulled up next to her, and she saw that it was Kennedy. He rolled down his window and yelled, "Hey you. I'm going to kill your motherfucker boyfriend, Jose." When the light changed, Kennedy followed the victim, pulled his car into her lane, and forced the victim to cross the centerline into the opposite flow of traffic to avoid a collision with him. Kennedy followed the victim for another block, then turned off. The victim filed a report with police that same evening, and took a copy of her protective order to the magistrate court the next day, after which an arrest warrant for aggravated stalking was issued for Kennedy.

1. Kennedy contends that the evidence was insufficient to support his conviction. We disagree.

OCGA § 16-5-91 (a) provides:

A person commits the offense of aggravated stalking when such person, in violation of a . . . temporary restraining order, temporary protective order, permanent restraining order, [or] permanent protective order . . . in effect prohibiting the behavior described in this subsection, follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person.

This evidence of Kennedy's contact with the victim in violation of the protective order and of his harassing and intimidating her sufficed to sustain his conviction. See *Bogan v. State*, 255 Ga. App. 413, 414 (1) (565 SE2d 588) (2002).

2. Kennedy next maintains that the trial court erred in admitting evidence of similar transactions and prior difficulties between the couple. He complains that the State failed to prove that Kennedy committed any of the incidents, and that use of the evidence unfairly prejudiced the jury and deprived him of a fair trial.

Prior to trial, the State provided notice of its intent to introduce evidence of two similar transactions, one involving Kennedy's threat of violence against one of his wife's neighbors, and the other involving an incident where the same neighbor visited Kennedy's wife at her place of employment after Kennedy had upset her earlier, and the

paint on his car was scratched. The trial court found that the incidents were introduced for an appropriate purpose and Kennedy did not object. Earlier in the hearing, Kennedy objected to the similar transactions on "the general grounds that . . . he's charged with stalking on September 1st. The evidence is whatever it's going to be in that situation. . . . [I]t should decide the case."

At the motion for new trial hearing, Kennedy "moved for a new trial based on the basic ground that I put on the original motion for the new trial that the evidence is insufficient to support the verdict." He noted that he might raise issues on the similar transactions in the appeal.

Because Kennedy did not object to the admission of the evidence on the basis he now argues on appeal, "and 'matters not objected to at trial cannot be raised for the first time on appeal,'" (citation omitted) *Roberts v. State*, 241 Ga. App. 259, 260 (2) (526 SE2d 597) (1999), he has waived this issue on appeal.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED MAY 16, 2006.

*Teddy L. Henley*, for appellant.
*Leigh E. Patterson, District Attorney*, for appellee.

