A07A0284. IN THE INTEREST OF J. A. L., a child.
(644 SE2d 162)

ADAMS, Judge.

J. A. L. was adjudicated delinquent for committing acts, which if committed by an adult, would have constituted the crimes of aggravated assault and terroristic threats. He appeals, asserting that the State did not prove venue and that the evidence was insufficient to support the adjudication of delinquency based on the offense of aggravated assault.

1. J. A. L. first argues that the trial court erred by taking judicial notice that the delinquent acts occurred in Gwinnett County.

> Venue is a jurisdictional fact that the prosecution must prove beyond a reasonable doubt. *Graves v. State*, 269 Ga. 772, 773 (1) (504 SE2d 679) (1998)[, overruled in part on other grounds, *Jones v. State*, 272 Ga. 900, 903 (2) (537 SE2d 80) (2000)]. "When there is insufficient evidence of venue, the verdict rendered is contrary to law and without sufficient evidence to support it." Id. In order to take judicial notice of any fact, the trial court "must first announce its intention to do so on the record, and afford the parties an opportunity to be heard regarding whether judicial notice should be taken." Id. at 775 (4) (a).

*In the Interest of J. E.*, 245 Ga. App. 770, 771 (538 SE2d 852) (2000).

J. A. L. argues that the juvenile court did not follow the above procedure because he was not given an opportunity to be heard before the court announced it was taking judicial notice of the location of the delinquent acts. However, the record shows that the juvenile court allowed J. A. L. an opportunity to challenge the State's evidence

concerning venue and to voice his objection concerning whether judicial notice of venue should be taken here. Moreover, the record also shows that, contrary to J. A. L.'s further contention on appeal, there was sufficient evidence presented concerning the location of the acts for the trial court to properly determine, based on her knowledge of the location, that the acts occurred in Gwinnett County. This included testimony that the path on which the incident occurred ran between two Gwinnett County schools, as well as other testimony describing the area. Cf. *In the Interest of A. C.*, 263 Ga. App. 44, 45 (587 SE2d 210) (2003) (adjudication of delinquency reversed where State presented no evidence of venue and the trial court did not take judicial notice that Upson-Lee High School was in Upson County).

2. Because of our holding in Division 1, it is unnecessary for us to consider J. A. L.'s further challenge to the State's proof concerning venue.

3. J. A. L. also challenges the sufficiency of the evidence to support the finding of delinquency based on the act of aggravated assault, arguing that he never used his gun in an offensive manner and that the State failed to prove the victim was placed in reasonable apprehension of immediately receiving a violent injury when he brandished the gun. OCGA §§ 16-5-20; 16-5-21 (a).

> An assault is an attempt to commit a violent injury to the person of another or an act which places another in reasonable apprehension of immediately receiving a violent injury. OCGA § 16-5-20. Aggravated assault is an assault conducted with an object which, when used offensively against a person, is likely to result in serious bodily injury. OCGA § 16-5-21.

*Merneigh v. State*, 242 Ga. App. 735, 736 (1) (531 SE2d 152) (2000). "When the use of a deadly weapon places the victim in reasonable apprehension of immediate violent injury, the felony offense of aggravated assault has occurred. OCGA § 16-5-21 (a) (2)." *In the Interest of M. F.*, 276 Ga. App. 402, 404 (1) (b) (623 SE2d 234) (2005).

The victim, a middle school student, testified that she was walking home from school with her brother when J. A. L. and another boy approached her, called her a derogatory name and accused her of being in a rival gang. The victim testified that J. A. L. pulled his sweater out of his pants and she saw a gun, and that "he did like he was going to remove it, but then he quickly removed it and put it back in his pants. And after that, that's when the other guy tells him to calm down." The witness also testified that J. A. L. said "you bitch, you're going to die" but then started running, possibly because there were other people in the area. She testified that she "was scared for

him doing something to [her]." Although the victim's and other witnesses' testimony contained some inconsistencies primarily regarding the sequence of events, "[r]esolving conflicts and inconsistencies in the evidence and determining the credibility of witnesses are for the factfinder and not appellate courts. [Cit.]" *In the Interest of M. F.*, 276 Ga. App. at 404 (1) (b). This rule is particularly apt here since it appears that the victim's ability to give responsive answers was hampered by her fear of testifying, a fact that the juvenile court noted on the record. "When reviewing the sufficiency of the evidence in a juvenile proceeding alleging delinquency, that view of the evidence most favorable to the State must be taken, for every presumption and every inference are in favor of the verdict or adjudication." (Citation omitted.) *In the Interest of B. J. C.*, 281 Ga. App. 228 (635 SE2d 833) (2006). See also *In the Interest of E. D. F.*, 243 Ga. App. 68 (1) (532 SE2d 424) (2000). Viewing the evidence in the light most favorable to the findings and judgment of the juvenile court, we find the evidence presented here was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that J. A. L. committed acts which, if committed by an adult, would have constituted the offense of aggravated assault. *Carter v. State*, 248 Ga. App. 139, 139-140 (1) (546 SE2d 5) (2001). Accordingly, we affirm the adjudication of delinquency.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MARCH 14, 2007.

*Kavan S. Grover*, for appellant.
*Daniel J. Porter, District Attorney, Sandra B. Cook, Assistant District Attorney*, for appellee.