## A08A1349. BRAY v. THE STATE.

(669 SE2d 509)

BERNES, Judge.

A jury convicted John Anthony Bray of aggravated stalking and burglary. On appeal, Bray argues that the evidence was insufficient to sustain his conviction and that his trial counsel rendered ineffective assistance. We discern no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict to determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offenses beyond a reasonable doubt. *Kennedy v. State*, 279 Ga. App. 415 (631 SE2d 462) (2006). We do not weigh the evidence or assess witness credibility, a task which lies exclusively within the province of the jury. Id.

So viewed, the evidence adduced at trial showed that at approximately 1:30 a.m. on the night in question, after drinking in a bar for nearly eight hours, Bray entered uninvited into the residence of his ex-wife. After kicking open the bedroom door where his ex-wife was asleep with her boyfriend, Bray lay across the victims' bodies, grabbed both of their throats, and threatened that "[i]f I ever catch you (the boyfriend) in this house again you're a dead man." Bray's conduct directly violated the terms of a special condition of bond that had been issued in a previous case, which required that he "stay away, absolutely, directly or indirectly" from his ex-wife.[1]

1. This evidence was sufficient to sustain Bray's conviction for both aggravated stalking and burglary. See OCGA §§ 16-5-91 (a) ("A person commits the offense of aggravated stalking when such person, in violation of a [condition of] bond[2] . . . contacts another person at or about a place . . . without the consent of the other person for the purpose of harassing and intimidating the other person."); 16-7-1 (a) ("A person commits the offense of burglary when, without authority and with the intent to commit a felony . . . therein, he enters or remains within the dwelling house of another."); *Williams v. State*, 293 Ga. App. 193, 194 (1) (666 SE2d 703) (2008) (affirming a burglary conviction based upon the defendant's entry into the victim's home, without authority, with the intent to commit an aggravated stalking). Although Bray testified that he and his ex-wife

---

[1] Bray was permitted to telephone his ex-wife's home in order to have phone visitation with the children.

[2] Specifically, the statute criminalizes conduct

in violation of a bond to keep the peace posted pursuant to Code Section 17-6-110, temporary restraining order, temporary protective order, permanent restraining order, permanent protective order, preliminary injunction, good behavior bond, or permanent injunction or condition of pretrial release, condition of probation, or condition of parole in effect prohibiting the behavior described in this subsection.

had spoken earlier in the day and she had invited him to come over and have "an intimate relation" with him, the jury clearly rejected his version of events. "A jury is authorized to believe or disbelieve all or any part of the testimony of witnesses, and it serves as the arbiter of conflicts in the evidence before it." (Citation and punctuation omitted.) *Bilow v. State*, 279 Ga. App. 509, 511-512 (1) (631 SE2d 743) (2006).

2. Bray next argues that his trial counsel rendered ineffective assistance because she failed (a) to admit Bray's cell phone records from the night in question; and (b) to object to an officer's in-court identification of Bray. In order to establish a claim for ineffective assistance of counsel, Bray must prove both that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Williams*, 293 Ga. App. at 196 (3). See *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). "Prejudice must be established by showing that a reasonable probability exists that the result of the trial would have been different but for the deficiency." (Citation and punctuation omitted.) *Williams*, 293 Ga. App. at 197 (3).

(a) Bray contends that the phone records should have been admitted because they would have reflected a call between himself and his ex-wife earlier in the day, thereby supporting his claim that she had invited him over on the night in question. Both Bray and his ex-wife, however, testified that they had indeed spoken on the phone on the afternoon preceding the events at issue. But their testimony differed to the extent that Bray claimed that the purpose of the call was to schedule a tryst, while his ex-wife maintained that the discussion was limited to arranging Bray's visitation with their children the following day. Since the phone records would not have reflected the substance of the conversation, the issue was one of credibility on which the admission of the records would have had no impact. Accordingly, the failure of Bray's counsel to obtain the phone records did not amount to ineffective assistance. See *Floyd v. State*, 293 Ga. App. 235, 237 (3) (b) (666 SE2d 611) (2008); *Stanford v. State*, 288 Ga. App. 463, 467 (1) (c) (654 SE2d 173) (2007).

(b) Bray also asserts that his trial counsel was ineffective for failing to object when a detective identified him in court. Although the detective had not actually arrested Bray, she testified that she had previously seen his photograph during the course of her investigation and had also seen him at the preliminary hearing. Not only was Bray's identification not at issue in this case, but he was positively identified by his ex-wife, her boyfriend, and the arresting officer. Bray's argument that the detective's in-court identification of Bray prejudiced his defense is without merit. See *Blunt v. State*, 275 Ga. App. 409, 411 (1) (d) (620 SE2d 572) (2005).

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 14, 2008.

*Sharon L. Hopkins*, for appellant.
*Daniel J. Porter, District Attorney, Jodi L. Harter, Richard A. Vandever, Assistant District Attorneys*, for appellee.