A11A1606. IN THE INTEREST OF E. C., a child.
(716 SE2d 601)

ELLINGTON, Chief Judge.

The Juvenile Court of Lowndes County adjudicated E. C., age 15, delinquent for acts which, if committed by an adult, would have constituted theft by taking (motor vehicle), OCGA § 16-8-2. E. C. appeals, contending that the evidence was insufficient to support his adjudication and that the State failed to prove venue. We agree, and the State concedes, that the evidence adduced was insufficient to support the juvenile court's judgment. Consequently, we reverse the adjudication of delinquency.

> In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged.

(Punctuation and footnote omitted.) *In the Interest of M. C. A.*, 263 Ga. App. 770 (589 SE2d 331) (2003).

So viewed, the record shows that, on February 6, 2011, a City of Valdosta police officer responded to a complaint of motor vehicle theft at 1646 Fresno Street. The officer spoke to E. C.'s sister, and the officer testified that she told him that E. C. and his twin brother had taken her car without her permission. When the officer arrived at the sister's house, E. C. and his brother were present, having returned home from a trip to the store in their sister's car. The brothers admitted to the officer that they took turns driving the car. However, there is no evidence in the record that the brothers

admitted that they took the car without permission. The sister did not testify. There is no evidence in the record establishing that 1646 Fresno Street is in either Valdosta or in Lowndes County, and the juvenile court did not take judicial notice of any fact which could be construed as establishing venue.

1. E. C. contends that the State failed to prove the essential element of venue.

> Venue is a jurisdictional fact that the prosecution must prove beyond a reasonable doubt. When there is insufficient evidence of venue, the verdict rendered is contrary to law and without sufficient evidence to support it. In order to take judicial notice of any fact, the trial court must first announce its intention to do so on the record, and afford the parties an opportunity to be heard regarding whether judicial notice should be taken.

(Citations and punctuation omitted.) *In the Interest of J. A. L.*, 284 Ga. App. 220 (1) (644 SE2d 162) (2007).

Because there is no direct evidence establishing the county where the incident occurred and because the court did not announce its intention to take judicial notice, we must conclude that the State failed to prove venue beyond a reasonable doubt, and the evidence is insufficient to support the adjudication. *In the Interest of A. C.*, 263 Ga. App. 44, 45 (587 SE2d 210) (2003) (adjudication of delinquency reversed where State presented no evidence of venue and the trial court did not take judicial notice that incident occurred within the county alleged). The adjudication, therefore, must be reversed.

Because the State may retry E. C. without violating the Double Jeopardy Clause if there exists otherwise sufficient evidence at trial to support his delinquency adjudication for the criminal acts alleged, *In the Interest of D. D.*, 287 Ga. App. 512, 515 (2) (b) (651 SE2d 817) (2007), we must also determine whether the State carried its burden of proving the essential elements of theft by taking.

2. E. C. also contends that the State failed to prove his guilt of theft by taking beyond a reasonable doubt. OCGA § 16-8-2 provides, in relevant part, that a person commits the offense of theft by taking "when he unlawfully takes . . . any property of another with the intention of depriving him of the property[.]" That the taking was "unlawful," that is, without the owner's consent, is an essential element of the crime. Id. In this case, the police officer testified that E. C.'s sister told him that she owned the car and that she did not give her permission for E. C. and his brother to drive it. These

hearsay statements* were offered to prove that the property of another was unlawfully taken. As we have held, "hearsay evidence has no probative value even when it is admitted without objection." (Footnote omitted.) *In the Interest of C. D. E.*, 248 Ga. App. 756, 764 (2) (546 SE2d 837) (2001). Moreover, even if the officer's hearsay testimony concerning the sister's statements had been admitted to explain his conduct, the statements could not be used as original evidence establishing E. C.'s delinquency. See *Germany v. State*, 235 Ga. 836, 840 (221 SE2d 817) (1976) (statements offered to explain the conduct of an investigating officer are hearsay and may not be used as original evidence of the defendant's guilt). Consequently, the evidence adduced was insufficient to support E. C.'s adjudication of delinquency based on theft by taking beyond a reasonable doubt, and the juvenile court's judgment must be reversed.

*Judgment reversed. Miller, P. J., and Doyle, J., concur.*

DECIDED AUGUST 30, 2011.

*Samantha M. Edwards*, for appellant.

*J. David Miller, District Attorney, Laura A. Wood, Jessica W. Clark, Assistant District Attorneys*, for appellee.

---

* OCGA § 24-3-1 defines hearsay as evidence that "does not derive its value solely from the credit of the witness but rests mainly on the veracity and competency of other persons." See also *Lott v. State*, 303 Ga. App. 775, 785 (4) (694 SE2d 698) (2010). Hearsay "generally relates to an out-of-court statement made by someone other than the witness." (Footnote omitted.) *Blunt v. State*, 275 Ga. App. 409, 411 (1) (c) (620 SE2d 572) (2005). Thus, "[b]y definition, evidence is hearsay when a witness at trial offers evidence of what someone else said or wrote, outside of court, and the proponent's use of the evidence essentially asks the jury to assume that the out-of-court declarant was not lying or mistaken when the statement was made." (Citation and punctuation omitted.) *Diaz v. State*, 275 Ga. App. 557, 559 (621 SE2d 543) (2005).