721 S.E.2d 627 (2011)
313 Ga. App. 414
In the Interest of D.E., a child.
No. A11A1763.
Court of Appeals of Georgia.
December 19, 2011.
Meredith G. Brasher, Patrick Warren, for appellant.
J. David Miller, Dist. Atty., Laura A. Wood, Justo C. Cabral III, Asst. Dist. Attys., for appellee.
ADAMS, Judge.
D.E. was adjudicated delinquent following a finding that he committed burglary. He contends the evidence was insufficient to sustain the judgment.
*628 On appeal, "[t]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) Jackson v. Virginia, 443 U.S. 307, 319(III)(B), 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). See also In the Interest of J.L.H., 289 Ga.App. 30, 656 S.E.2d 160 (2007) (same for delinquency proceedings). And, even in a delinquency proceeding "hearsay evidence has no probative value even when it is admitted without objection." (Citation and punctuation omitted.) In the Interest of E.C., 311 Ga.App. 549, 551(2), 716 S.E.2d 601 (2011).
The nonhearsay evidence included the following: Detective Heather Turner testified that officers got a report of a burglary on December 28, 2010 and spoke to several alleged witnesses. While speaking with a witness at 214 Warren Street, the witness led Turner to a gun located under a bed, and, based on a telephone call to someone she believed to be the father of the witness, Turner confiscated the weapon. Based on police information, the gun had been stolen. Based on other information, Turner was led to 1307 West Hill Avenue Lane, from where, it was reported, the gun had been stolen. Detective Michael Rhodes testified that he investigated an incident at that address and that it was reported that a .22 caliber rifle had been stolen. Tonya Greer testified that D.E., her nephew, offered to sell her an Xbox game system and some games for $78; two days later he lowered the offer to $48.
All of the remaining evidence that purportedly connected D.E. with the theft of the Xbox game system and the rifle was hearsay or double hearsay. "[I]t is error to permit an investigating officer to testify, under the guise of explaining the officer's conduct, to what other persons related to the officer during the investigation." (Citations and punctuation omitted.) White v. State, 273 Ga. 787, 788(1), 546 S.E.2d 514 (2001).
Even D.E.'s purported admission was double hearsay. Detective Turner testified that Harvey Sessoms, who claimed to be D.E.'s cousin, told Turner that D.E. had a stolen gun in his bedroom; that an unidentified friend told him, i.e., Sessoms, that it was stolen from 1307 West Hill Avenue Lane; and that D.E. told him that he stole the gun. Neither Sessoms, the unidentified friend, nor D.E. testified. "Although [D.E.'s] statement might be an admission against interest, that exception would overcome only one layer of the hearsay. See Highsmith v. Fillingim, 171 Ga.App. 548, 549, 320 S.E.2d 391 (1984) (although one layer of hearsay may be overcome with exception to hearsay rule, second layer of hearsay remained)." Savage v. KGE Associates Ltd. Partnership, 260 Ga.App. 770, 779(2)(c), 580 S.E.2d 591 (2003). Compare Moak v. State, 222 Ga.App. 36, 41(5), 473 S.E.2d 576 (1996) (both layers of hearsay fell within hearsay exceptions). Accordingly, absent the hearsay, the evidence that D.E. committed burglary was plainly insufficient. See, e.g., In the Interest of E.C., 311 Ga.App. at 551(2), 716 S.E.2d 601 (adjudication of delinquency based on hearsay evidence reversed).
Judgment reversed.
BARNES, P.J., and BLACKWELL, J., concur.