**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**December 14, 2012**

# In the Court of Appeals of Georgia

A12A1896. IN THE INTEREST OF S. C., a child.                    AD-073C
A12A1897. IN THE INTEREST OF L. R., a child.

ADAMS, Judge.

S. C. and L. R. appeal from Orders of Commitment issued by the juvenile court adjudicating them guilty of certain designated felonies. On appeal, S. C. and L. R. assert that the evidence was insufficient to support the juvenile court's adjudications of delinquency because the rulings were based solely upon hearsay evidence. The State concedes that the evidence was insufficient on this ground to support the juvenile court's judgments, and we accordingly reverse.

Complaints filed in the juvenile court charged both S. C. and L. R. with participation in street gang activity (OCGA § 16-15-4), discharging a firearm on a public street (OCGA § 16-11-103), and reckless conduct (OCGA § 16-5-60). In

addition, S. C. was charged with criminal damage to property (OCGA § 16-7-23), and L. R. was charged with criminal damage to property in the first degree (OCGA § 16-7-22). At the hearing concerning the complaints against both S. C. and L. R., the State's only witness was an investigator in gang investigations with the Valdosta Police Department. Over numerous hearsay objections from defense counsel, the trial court allowed the investigator to testify as to the events underlying the charges, as related to him by third parties. Based upon this testimony, the trial court adjudicated both S. C. and L. R.. "guilty, at least [of] the designated felony." In the Order of Commitment relating to S. C., the juvenile court found that he committed the "Designated Felony Act[s]" of participation in street gang activity and criminal damage to property. And in the order pertaining to L. R., the juvenile court found that he committed the "Designated Felony Act[s]" of criminal damage to property in the first degree and participation in street gang activity. They were each ordered confined for 17 months, at which time they would both be 18.

As the State concedes, the trial court erred in adjudicating S. C. and L. R. based upon the investigator's hearsay testimony. Because hearsay evidence has no probative value, a juvenile court's adjudication of delinquency based solely on hearsay will not stand. *In the Interest of E. C.*, 311 Ga. App. 549, 551 (2) (716 SE2d 601) (2011). See

2

also *Germany v. State,* 235 Ga. 836, 840 (2) (221 SE2d 817) (1976) (hearsay statements offered to explain investigating officer's conduct cannot be used as original evidence to establish defendant's guilt). Consequently, the evidence was insufficient to support the adjudications of delinquency in these cases, and the juvenile court's judgments must be reversed.

*Judgments reversed. Barnes, P. J., and McFadden, J., concur*.