**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**May 14, 2015**

# In the Court of Appeals of Georgia

A15A0471. YOUNG v. THE STATE.

McFADDEN, Judge.

After a jury trial, Brandon Ray Young was convicted of aggravated assault on a correctional officer and aggravated battery on a correctional officer. He appeals, challenging the sufficiency of the evidence. Because a rational trier of fact could have found from the evidence that Young was guilty of each offense beyond a reasonable doubt, we affirm.

In considering whether the evidence was sufficient to support a defendant's convictions, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (citation omitted;

emphasis in original). It is the function of the jury, not the reviewing court, to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the evidence. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, the jury's verdict will be upheld." *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001) (citation and punctuation omitted).

Viewed in this light, the evidence showed that on May 27, 2010, correctional officers escorted Young into the fingerprinting room of the Henry County jail. Another correctional officer entered the room to obtain a set of gloves. When that officer leaned over to retrieve the gloves, Young reached over, raised his cuffed hands, and struck the officer's head with his fists. The officer fell against a door and collapsed to the ground, losing consciousness.

1. *Aggravated battery on a correctional officer.*

Young argues that the evidence was insufficient to authorize his conviction for aggravated battery on a correctional officer. That offense requires a showing that a person "maliciously causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof." OCGA § 16-5-24 (a).

2

"The bodily member need not be rendered permanently useless, and even the temporary reduced use of a bodily member may be sufficient to render it useless under the aggravated battery statute." *Walls v. State*, 283 Ga. App. 560, 561 (1) (642 SE2d 195) (2007) (citation and punctuation omitted). "A person who knowingly commits the offense of aggravated battery upon a correctional officer while the correctional officer is engaged in . . . his or her official duties" is subject to an increased minimum term of imprisonment for the offense. OCGA § 16-5-24 (e) (2).

The state alleged that the correctional officer's head was rendered useless by Young's strike. Young argues that no evidence showed that he rendered the officer's head useless, even temporarily. We disagree. A video recording of the incident, shown to the jury at trial, depicted Young striking the officer in the head and the officer collapsing to the ground, and the officer testified that she lost consciousness upon being struck, stating: "I . . . leaned over to get gloves out and then everything went black. I opened my eyes and I was on the floor." The jury was authorized to find from this evidence that Young committed aggravated battery on a correctional officer. See *Scott v. State*, 243 Ga. App. 383, 384-385 (1) (b) (532 SE2d 141) (2000) (evidence that defendant's blows to victim's head caused memory lapses and nerve

3

damage authorized finding that defendant committed aggravated battery by depriving victim of a member of her body).

2. *Aggravated assault on a correctional officer.*

Young challenges the sufficiency of the evidence that he had committed the offense of aggravated assault on a correctional officer. Pertinent to this case, "[a] person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury[.]" OCGA § 16-5-21 (b) (2). "A person who knowingly commits the offense of aggravated assault upon a correctional officer while the officer is engaged in . . . his or her official duties" is subject to an increased minimum term of imprisonment for the offense. OCGA § 16-5-21 (f) (2).

The evidence in this case authorized a finding that Young committed the offense of aggravated assault against the victim. There was evidence that he struck her in the head with his fists while wearing handcuffs. "[W]hether [Young's] hands and fists were objects used in a manner likely to result in serious injury was a question of fact for the jury to determine." *Hewitt v. State*, 277 Ga. 327, 331 (1) (e) (588 SE2d 722) (2003) (citations omitted). See *Gamble v. State*, 235 Ga. App. 777,

4

777-778 (1) (510 SE2d 69) (1998) (finding evidence that handcuffed defendant struck victim with his hands, fists, and handcuffs sufficient to sustain conviction for aggravated assault).

Furthermore, the evidence permitted the jury to conclude that, at the time of the assault, Young knew the victim was a correctional officer working in her official capacity. There was evidence that the victim had worked as a correctional officer at the jail for nearly two years before the attack and, at the time of the attack, she was in uniform and performing work consistent with her official duties. See *Chandler v. State*, 204 Ga. App. 816, 822 (4) (421 SE2d 288) (1992) (evidence that victim was in police uniform and acted in manner consistent with her official capacity as a police officer authorized finding that defendant knew she was a police officer).

Nevertheless, Young argues that the state failed to show that he "knowingly made this assault," pointing to evidence of his "'bizarre' behaviors and mental instability." Because he cites no authority to support this argument, however, it is not clear whether Young is arguing that he lacked the necessary criminal intent to commit the offense of aggravated assault, see generally *Cline v. State*, 199 Ga. App. 532, 533 (2) (405 SE2d 524) (1991) (describing criminal intent required for aggravated assault), that he lacked the capacity to distinguish between right and wrong in relation

5

to his act against the correctional officer, see OCGA § 16-3-2, or that he acted as he did as part of a delusional compulsion, see OCGA § 16-3-3.

In any event, the evidence of Young's mental capacity did not require his acquittal. "[M]ental abnormality, unless it amounts to insanity, is not a defense to a crime." *Thomas v. State*, 320 Ga. App. 101, 105 (2) (739 SE2d 417) (2013) (citations and punctuation omitted). Although the evidence included witness testimony that Young was known to act irrationally and impulsively, and two mental health evaluations recounting Young's various mental health diagnoses, it also included the following conclusion from one of those evaluations:

> [T]here is insufficient evidence to indicate that Mr. Young was suffering from a severe thought disturbance around the time of the alleged act [against the correctional officer]. He did not report experiencing hallucinations or delusions at the time of the offense. The available evidence does not indicate that Mr. Young suffered from a delusional compulsion which overmastered his will to resist committing the instant offenses. Additionally, there is no evidence that Mr. Young was unable to differentiate right from wrong at the time of the alleged act.

In light of this evidence, the jury was authorized to reject the argument that Young did not "knowingly make th[e] assault" due to "mental instability."

*Judgment affirmed. Ellington, P. J., and Dillard, J., concur.*

6